UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-CV-0583 RMU |
| ) | |
| ) | |
| PERNELL LAMONT SAVAGE ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR EXTENSION OF TIME
TO COMPLETE SERVICE OF PROCESS**

Pursuant to *F.R.Civ.P.* 4(m) and for good cause, Plaintiffs, by and through counsel, respectfully move for an extension of sixty (60) days time to effect service of process on the remaining unserved defendants.

Plaintiffs have attempted service on all of the defendants, having effected service on six of the nine defendants. The reasons requiring additional time for the remaining three defendants are as follows:

Pernell Lamont Savage: Plaintiffs attempted service on the defendant via United States Postal Service (USPS) Express Mail-Certified Mail-Return Receipt Requested. Tracking of the USPS website shows that a party, J. Ralph, signed an Express Mail Receipt for the defendant Savage on Monday, July 23, 2007; however, the USPS site shows no record for the Certified Mail receipt, which accompanied and

was fastened to the Express Mail. Plaintiffs have not received the return receipt(s), and do not presently know and cannot determine what confusion in USPS delivery might have been made until return of those receipt(s). Plaintiffs have no way of knowing that J. Ralph is authorized to accept for defendant Savage without further inquiry which will take time. Plaintiffs cannot be assured that service was properly made, and request an additional sixty (60) days to assure proper service on Defendant Savage.

Kimberly Freeman: Officer Freeman has been transferred from the 5th Precinct, DC Metropolitan Police (MPDC), where she was assigned at the time of the underlying incident. Despite repeated calls, Plaintiffs were not able to obtain information at that precinct as to the present assignment, if any, of Ofc. Freeman. However, the MPDC headquarters eventually advised plaintiffs that Officer Freeman had been transferred to the 1st Precinct, MPDC. That information became available to plaintiffs only after Ofc. Freeman had left for the day. Plaintiffs have no way to serve Ofc. Freeman at her residence. For the privacy of our police department officers, plaintiffs would ask that time to serve be extended so that Ofc. Freeman can be served at the precinct where she now serves.

Robert Dykes. Mr. Dykes has left the employ of Progressive Casualty, where he had worked at the time of the incident, and from where he settled the claim

contested in the Complaint, at 6980 Muirkirk Meadows Drive, Beltsville, Maryland. Inquiries as to Mr. Dykes' present whereabouts at the Progressive Casualty Office in Beltsville by the process server were unsuccessful. Plaintiffs will have to pursue investigative means to find and serve Mr. Dykes, and request a sixty (60) day extension of time to serve him.

Pursuant to Local Rule 7(m), Plaintiffs certify that as no defense counsel have yet entered an appearance, they were not able to confer on the present motion.

Respectfully submitted,

_____/s/_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for Plaintiffs                                            July 24, 2007