UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-583 (RMU) |
| | ) |
| PARNELL LAMONT SAVAGE | ) |
| | ) |
| and | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| JENNIFER GREENE | ) |
| 1805 Bladensburg Road, N.E. | ) |
| Washington, DC 20002 | ) |
| | ) |
| and | ) |
| | ) |
| GEORGE BERNARD | ) |
| 1805 Bladensburg Road, N.E. | ) |
| Washington, DC 20002 | ) |
| | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS DISTRICT OF COLUMBIA, JENNIFER GREENE AND GEORGE BERNARD'S MOTION TO DISMISS THE COMPLAINT

Defendants District of Columbia, Jennifer Green and George Bernard ("District defendants"), through counsel and pursuant to Fed. R. Civ. P. 12 (b)(6), respectfully move this

Court to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted.[1]  In support of this motion, the defendants state as follows:

1. The statute of limitations bars plaintiffs' complaint.

2. Plaintiffs fail to state a claim under the Americans with Disabilities Act because they have not alleged a qualifying disability.

3. Plaintiffs fail to state a claim under 42 U.S.C. § 1981.

4. Plaintiffs fail to state a violation of their right of access to the courts.

5. Plaintiffs fail to state a violation of their free exercise of religion.

6. Plaintiffs allege no injury that would give rise to a federal claim.

7. Plaintiffs fail to state a claim under 42 U.S.C. § 1985.

8. Plaintiffs do not allege a municipal policy or custom that would support a claim against the District of Columbia.

9. Plaintiffs do not allege any personal involvement by defendants Greene and Bernard that would give rise to a claim against them.

A memorandum of points and authorities in support of this motion is attached hereto and incorporated by reference.

> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division

---

[1] Metropolitan Police Officer Kimberly Freeman is another District defendant who has apparently not yet been served.

/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) Civil Action No. 07-583 (RMU) |
| | ) |
| PARNELL LAMONT SAVAGE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
DISTRICT OF COLUMBIA, JENNIFER GREENE AND GEORGE BERNARD'S MOTION TO
DISMISS THE COMPLAINT</u>

I.    INTRODUCTION

Plaintiffs' claims arise from an automobile accident on March 24, 2004, at the intersection of 11th and H Streets, Northeast Washington.[2] (Compl. ¶ 15). Plaintiff Williams was driving a car that collided with another car driven by defendant Parnell Lamont Savage. (Id. ¶ 7). After plaintiff Williams was transported to the hospital, Metropolitan Police Officer Kimberly Freeman arrived at the scene to take a traffic accident report. (Id. ¶ 27). Several witnesses told Officer Freeman that plaintiff Williams was at fault. (Id. ¶ 7, 28, 34). Two other witnesses, plaintiffs McQueen and Allen, allegedly tried to tell Officer Freeman a different version of events but claim that the officer refused to listen to them. (Id. ¶ 31). Officer Freeman cited plaintiff Williams for failure to yield the right of way. (Id. ¶ 40). When plaintiff Williams later appeared to contest the citation, he was told that he would be re-summoned to appear. (Id. ¶ 41). No new summons was issued, and the citation was "dropped." (Id.)

---

[2] The complaint erroneously refers to the accident location as Southeast Washington.

Plaintiff Williams, through counsel, nevertheless pursued the matter.  After plaintiff's counsel complained about the accident report, the Metropolitan Police Department's General Counsel advised that no formal procedure existed for correcting "inaccurate police reports" but invited plaintiff to write a letter explaining the report's inaccuracy.  (Id. ¶ 42).  Plaintiff's counsel wrote to the General Counsel asserting the "inconclusive, conflicted nature" of the witness statements faulting plaintiff Williams.  (Id. ¶ 43).  This letter did not mention witnesses McQueen and Allen because plaintiff Williams had not revealed their existence to his counsel.  (Id.)  The letter was forwarded to the Fifth District and received by Commander Jennifer Greene and Sergeant George Bernard.  (Id. ¶ 44).  After further investigation and interviews, the Fifth District sent back a report to the General Counsel.  (Id. ¶ 47).  Unsatisfied, plaintiff Williams then finally revealed the existence of alleged witnesses McQueen and Allen, and plaintiff's counsel requested the General Counsel re-open the investigation once more.  (Id. ¶ 48-49).  The investigation was allegedly never re-opened.  (Id. ¶50).

Plaintiffs try to convert this automobile accident into a federal claim by alleging discrimination based on their membership in Alcoholics Anonymous ("AA").  Before the accident, the three plaintiffs had attended an AA meeting.  (Id. ¶ 16-20).  Defendant Kinsgberry, one of the accident witnesses, allegedly urged at the scene that plaintiff Williams was at fault, and that plaintiffs McQueen and Allen should not be heard, because "one cannot trust those AA's."  (Id. ¶ 28-29).  Plaintiffs allege that, as "sufferers from alcoholism" participating in AA, they are disabled.  (Id. ¶ 64).  Plaintiffs McQueen and Allen, who were allegedly ignored on the scene, claim that their rights "to participate in the District's system for reporting traffic accidents were violated based on discrimination because of their disability."  (Id.)  Plaintiff Williams claims that his rights were also violated because "he would have been the beneficiary of the

improperly obstructed witnessing." (Id. ¶ 66). Plaintiffs also claim that defendants conspired to deprive them of equal rights in violation of 42 U.S.C. § 1981 and § 1985 and to interfere with "the free exercise of their religious beliefs" as AA members and their right "to petition for redress of . . . grievances through the court system." (Id. ¶ 67-70).

II.     ARGUMENT

The complaint should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. For the various reasons argued below, plaintiffs' complaint is barred by the statute of limitations and alternatively lacks sufficient factual allegations to state a claim for relief against these defendants.

    A.     The Statute of Limitations Bars Plaintiffs' Complaint.

        1.     Assuming arguendo that the statute of limitations is three years, plaintiffs filed their complaint beyond the three-year period.

Plaintiffs filed their complaint more than three years after their cause of action arose. Plaintiffs' claims arose from an automobile accident on March 24, 2004. Assuming arguendo

3

that the statute of limitations is as long as three years, plaintiffs had to file their complaint by Monday, March 26, 2007.  See D.C. Code § 12-301(8).  According to the docket sheet and the date stamp on the complaint, the complaint was not filed until Tuesday, March 27, 2007.  A three-year statute of limitations therefore bars the plaintiffs' complaint as filed one day too late.  See United States v. Locke, 471 U.S. 84, 100-01 (1985) ("Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced . . . .  A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day.").

2. Plaintiffs' claim under the Americans with Disabilities Act is barred because the statute of limitations is only one year.

Because the Americans with Disabilities Act (ADA) lacks its own statute of limitations, the ADA should borrow the one-year statute of limitations in the D.C. Human Rights Act. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."  Wilson v. Garcia, 471 U.S. 261, 266-67 (1984).  In addressing which state statute of limitations to apply, Wilson directs courts to apply the "most appropriate" or the "most analogous" state statute.  Id. at 268.  For claims brought under Section 1983, the Supreme Court has held that these claims are most closely analogous to "a tort action for the recovery of damages for personal injuries."  Id. at 276.  Thus, in the District of Columbia, the statute of limitations for Section 1983 claims is three years.  See Hobson v. Wilson, 737 F.2d 1, 32 (D.C. Cir. 1984) (borrowing three-year statute of limitations in D.C. Code § 12-301(8) for actions for which "a limitation is not otherwise specifically prescribed").

4

In this case, the statute of limitations found in the D.C. Human Rights Act is most analogous to plaintiffs' claims under the ADA. Like the ADA, the D.C. Human Rights Act prohibits discrimination on the basis of disability. D.C. Code § 2-1401 et seq. The D.C. Human Rights Act tracks the language of the ADA is many respects, including its specific definition of disability. D.C. Code § 2-1401.02 (5A). While the ADA lacks a statute of limitations, the D.C. Human Rights Act has a statute of limitations of one-year. D.C. Code § 2-1403.16. As the most analogous statute, the one-year statute of limitations in the D.C. Human Rights Act applies to plaintiffs' claims under the ADA. See Wolsky v. Medical College of Hampton Roads, 1 F.3d 222 (4th Cir. 1993) (finding that one-year statute of limitations in the Virginia Rights of Persons with Disabilities Act applied to disability discrimination claim under the Federal Rehabilitation Act, 29 U.S.C. § 794).

Because plaintiffs filed their lawsuit over three years after the events at issue, plaintiffs' ADA claim is barred by the local one-year statute of limitations for disability discrimination claims.

B.  Plaintiffs Fail To State a Claim Under the Americans with Disabilities Act Because They Have Not Alleged a Qualifying Disability.

Plaintiffs do not have a qualifying disability under the Americans with Disabilities Act. Title II of the ADA prevents discrimination in public services based on disability. "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). Thus, as the Supreme Court

5

has stated, "merely having an impairment does not make one disabled for purposes of the ADA" because one must also "demonstrate that the impairment limits a major life activity." Toyota Motor Manufacturing v. Williams, 534 U.S. 184, 195 (2002).

Plaintiffs assert that they are disabled merely because they are recovering alcoholics. "Alcoholism is not, however, a disability per se." Wilson v. International Brotherhood of Teamsters, 47 F. Supp. 2d 8, 10 (D.D.C. 1999), citing Burch v. Coca-Cola Co., 119 F.3d 305, 316 (5th Cir. 1997) ("the EEOC has not attempted to classify alcoholism as a per se disability, and we decline to adopt such a questionable position") and McKey v. Occidental Chem. Corp., 956 F. Supp. 1313, 1317 (S.D. Tex. 1997) ("a person claiming to be disabled because of alcoholism must still establish that he satisfies the requirements of the definition of a disability under the ADA"). "[M]ere status as an alcoholic or substance abuser does not necessarily imply" a qualifying disability. Regional Economic Community Action Program, Inc. v. City of Middletown, 294 F.3d 35, 47 (2d Cir. 2002). As these and other cases demonstrate, "courts have generally refused to recognize alcoholism as a per se disability under the ADA." Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1168 (1st Cir. 2002).

Plaintiffs' allegation that they are recovering alcoholics is therefore insufficient to state a claim under the ADA. Plaintiffs do not contend that their alcoholism is an impairment that substantially limits a major life activity, and their complaint offers no factual allegations indicating such an impairment. Plaintiffs' mere status as current or former alcoholics is not enough. As a result, plaintiffs' alleged disability is not covered under the ADA.

C.	Plaintiffs Fail to State a Claim Under Section 1981.

Plaintiffs fail to state a claim under 42 U.S.C. § 1981 since they do not allege intentional discrimination based on race. Section 1981 ensures, inter alia, all persons "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." This section prohibits only intentional discrimination because of race. Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1412 n.7 (D.C. Cir. 1988). It does not prohibit discrimination based on any other category such as sex or religion. Runyon v. McCrary, 427 U.S. 160, 167 (1976). In the present case, plaintiffs only allege discrimination based on their membership in Alcoholics Anonymous as recovering alcoholics. Therefore, plaintiffs have no claim under 42 U.S.C. § 1981.

D.	Plaintiffs Fail To State a Violation of Their Right of Access To the Courts.

Plaintiffs fail to state a constitutional claim of denial of access to the courts because the District defendants have not deprived plaintiffs of a remedy in an underlying claim. Plaintiff Williams has an underlying claim for negligence, for which he is pursuing relief in this case against the other driver, defendant Savage. Plaintiffs McQueen and Allen assert no underlying claim at all. Since plaintiffs have not been deprived of any remedy in an underlying claim, plaintiffs' right of access to the courts has not been violated.

The Supreme Court recently re-affirmed that a constitutional right of access claim must specify "relief obtainable in no other suit." Christopher v. Harbury, 536 U.S. 403, 414 (2002). As the Court explained, the constitutional right of access "is ancillary to the underlying claim, without which plaintiff cannot have suffered injury by being shut out of court." Id. at 415. Because the right of access is ancillary to the underlying claim, a right of access claim "must identify a remedy

7

that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id.  The Supreme Court reasoned that there is "no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Id.

In Harbury, the Supreme Court particularly aimed to prevent the situation where, as here, a plaintiff seeks to try the underlying claim along with the access claim.  "Characteristically, the action underlying [the] right of access claim will not be tried independently, a fact that enhances the natural temptation on the part of plaintiffs to claim too much, by alleging more than might be shown in a full trial focused solely on the details of the predicate action." Id. at 416.  Requiring an access claim to identify a remedy unobtainable on the underlying claim is a safeguard "against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim." Id.  To prevent this risk, "the complaint should state the underlying claim in accordance with [Fed. R. Civ. P. 8(a)], just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18.

In the present case, plaintiff Williams "claims too much" by impermissibly joining a right of access claim with his underlying cause of action.  With respect to his access claim, plaintiff Williams apparently asserts that the Officer Freeman's alleged failure to hear from witnesses McQueen and Allen affected his right to legal redress for the alleged negligence of the other driver, defendant Savage.  In fact, though, plaintiff is litigating his negligence claim against defendant Savage in this lawsuit.  Because plaintiff may obtain relief on his negligence claim in this suit, he cannot identify any relief available on the access claim that is "not otherwise available" on the underlying negligence claim. Id. at 415.  There is "no point in spending time and money to

establish the facts constituting denial of access" against the District defendants when plaintiff may still recover for negligence against defendant Savage. Id. Since the District defendants have not caused plaintiff Williams to lose his underlying claim for negligence, he has not stated a claim for denial of access to the courts.

      E.    Plaintiffs Fail to State a Violation of Their Free Exercise of Religion.

Plaintiffs do not state a violation of their First Amendment right to "free exercise of their religious beliefs." (Compl. ¶ 70). To prove such a claim, plaintiffs "must first establish that their free exercise right has been substantially burdened." Branch Ministries v. Rossotti, 211 F.3d 137, 142 (D.C. Cir. 2000). In determining whether such a burden is substantial, a court should consider several factors. Levitan v. Aschroft, 281 F.3d 1313, 1320 (D.C. Cir. 2002). "The litigant's beliefs must be sincere and the practices at issue must be of a religious nature," and the challenged action "must also burden a central tenet or important practice of the litigant's religion." Id.

Plaintiffs do not allege any burden on the right to free exercise of their religious beliefs. While plaintiffs allege that, as members of Alcoholics Anonymous, they believe in a "Higher Being," the District defendants in no sense burdened plaintiffs in any practice of a religious nature. Plaintiffs' allegations against the District defendants do not involve a religious practice but the investigation and reporting of a traffic accident. Plaintiffs were at all times free to practice their religious beliefs without any substantial burden or restriction imposed by the District defendants on those practices. Accordingly, plaintiffs fail to state a violation of their free exercise right under the First Amendment.

F.   <u>Plaintiffs Allege No Injury That Could Give Rise to a Federal Claim</u>.

Regardless of the federal claim asserted, plaintiffs suffered no cognizable injury. Even assuming that plaintiffs McQueen and Allen were ignored when they allegedly tried to express their observations of the accident at the scene, no plaintiff experienced any adverse consequences as a result. The citation issued to plaintiff Williams for the alleged traffic violation was "dropped" without any proceedings or even the need for him to present a defense. (Compl. ¶ 41). Plaintiff Williams knew that his long-time friends, McQueen and Allen, claimed to be witnesses to the accident (even if plaintiff Williams withheld this knowledge from his counsel), and thus they were always available to him for seeking legal redress for the accident. (Compl. ¶ 19-20, 43). The fact that plaintiffs McQueen and Allen joined plaintiff Williams in this lawsuit proves the District defendants have not discouraged or prevented their testimony on behalf of plaintiff Williams. Without any identifiable injury, plaintiffs have no federal claim. See <u>Bircoll v. Miami-Dade County</u>, 480 F.3d 1072, 1088 (11th Cir. 2007) (finding no ADA violation for denial of TDD phone to deaf arrestee since arrestee showed no injury or adverse effects from having to rely on regular phone).

G.   <u>Plaintiffs Fail To State a Claim Under 42 U.S.C. § 1985</u>.

Plaintiffs fail to state a claim under 42 U.S.C. § 1985 because they have not stated a violation of an underlying federal right. Section 1985(3) prohibits a conspiracy to interfere with a federally protected right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971). Like 42 U.S.C. § 1983, "Section 1985(3) provides no rights itself; it merely provides a remedy for violations of the rights it designates." <u>Great American Fed. Sav. & Loan Assoc. v. Novotny</u>, 442

10

U.S. 366, 372 (1979); accord Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) (stating that Section 1983 " is not a itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred"). Since, as previously argued, the alleged conduct of defendants does not state a violation of the ADA or First Amendment or any other federal right, a conspiracy to engage in such conduct also fails to state a violation of Section 1985. See Mazloum v. District of Columbia, 442 F. Supp. 2d 1, 9-11 (D.D.C. 2006) (dismissing Section 1985 claim where facts alleged failed to state underlying violation of federal law); Wiggins v. Phillip Morris, Inc., 853 F. Supp. 458, 467 (D.D.C. 1994) (same). Without an underlying violation of any federal right, plaintiffs have no actionable Section 1985 claim.[3]

        H.        Plaintiffs Do Not Allege a Municipal Policy or Custom That Would Support a Claim Against the District of Columbia.

Assuming arguendo a violation of a federal right that is enforceable through 42 U.S.C. § 1983, plaintiffs fail to allege a District of Columbia policy that caused the violation. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). The District of Columbia is not liable for the constitutional torts of its employees or agents on the theory of respondeat superior. Monell, 436 U.S. at 691. Instead, to prevail on a claim against the District of Columbia, plaintiffs must "show fault on the part of the city based on a course of action its policy-makers

---

[3] The Griffin Court expressly did not decide whether Section 1985(3) covered a conspiracy motivated by invidiously discriminatory intent other than racial basis. Id. at 102 n.9. Although perhaps an unsettled question in this Circuit, see Bois v. Marsh, 801 F.2d 462, 470 n.14 (D.C. Cir. 1986), some courts have held it necessary that the conspiracy be motivated by racial animus. Word of Faith World Outreach Ctr. Church v. Sawyer, 90 F.3d 118, 124 (5th Cir. 1996) (declining to extend the reach of Section 1985(3) to include conspiracies motivated by religious, as opposed to racial, animus). Other courts have likewise held that the disabled are not a class receiving protection under Section 1985(3). See D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1486-87 (7th Cir. 1985).

11

consciously chose to pursue." Carter v. District of Columbia, 795 F.2d 116, 122 (D.C. Cir. 1986). A policy-maker, for municipal liability purposes, is a person or persons having "final policy-making authority [under] state law." Triplett v. District of Columbia, 108 F.3d 1450, 1453 (D.C. Cir. 1997), quoting Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989). The alleged municipal policy must have been the "moving force" behind the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 389 (1989).[4]

In this case, plaintiffs do not allege any municipal policy or custom. The complaint offers no factual allegations that plaintiffs suffered any injury from a course of action that a District policy-maker consciously chose to pursue. While plaintiffs allege that members of the Metropolitan Police Department violated plaintiffs' rights, plaintiffs' basis for imputing liability to the District relies solely on a theory of respondeat superior. Because respondeat superior is not grounds for municipal liability under Monell, plaintiffs have failed to state a claim against the District of Columbia.

    I.    <u>Plaintiffs Do Not Allege Any Personal Involvement by Defendants Greene And Bernard That Would Give Rise To a Claim Against Them</u>.

Like municipalities, government officials cannot be held liable under Section 1983 on a respondeat superior basis for the acts of subordinates. Monell, 436 U.S. at 694 n.58. A claim of negligence against a supervisor is also an insufficient basis for supervisory liability for constitutional violations. International Action Ctr. v. United States, 365 F.3d 20, 28 (D.C. Cir. 2004). "A supervisor who merely fails to detect and prevent a subordinate's misconduct,

---

[4] A claim against a municipality under Section 1985, like Section 1983, must comply with the municipal policy or custom requirement of Monell. Owens v. Haas, 601 F.2d 1242, 1247 (2d Cir. 1979).

therefore, cannot be liable for that misconduct." Id.  At the very least, liability cannot be imposed against any official unless he or she acts "either knowingly or with deliberate, reckless indifference to the constitutional rights of others." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988) (Posner, J.).

In this case, plaintiffs allege no personal conduct by defendants Greene and Bernard that could give rise to a claim against them.  Defendant Jennifer Greene is Commander of the Metropolitan Police Department's Fifth District, and Sergeant George Bernard is assigned to the Fifth District under Commander Greene.  (Compl. ¶ 9-10).  They allegedly received a letter from plaintiffs' counsel, through the Department's General Counsel, complaining about the accident report's accuracy, and at their direction police conducted further interviews and investigation.  (Id. ¶ 43-44).  Plaintiffs contend that, as a result of such investigation, defendants Greene and Bernard did not adequately act upon the alleged inconsistencies and biases in the witnesses' statements.  (Id. ¶ 45-46).  Even if true, these allegations are insufficient to impose individual liability.  Plaintiffs do not allege that defendants Greene and Bernard had knowledge of plaintiffs' AA membership or any claimed "disability."  The alleged existence of the two witnesses McQueen and Allen were not even revealed to defendants Greene and Bernard.  (Id. ¶ 43).  Plaintiffs also allege no basis upon which these two defendants had any duty to correct the accident report to plaintiffs' satisfaction.  Therefore, plaintiffs fail to state a claim against defendants Greene and Bernard.

III.   CONCLUSION

This Court should dismiss the complaint against defendants District of Columbia, Jennifer Greene, and George Bernard as barred by the statute of limitations and otherwise for failure to state a claim against them upon which relief can be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-583 (RMU) |
| | ) |
| PARNELL LAMONT SAVAGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER

Upon consideration of the Defendants District of Columbia, Jennifer Greene and George Bernard's Motion to Dismiss the Complaint, the memorandum of points and authorities filed in support thereof, any opposition and reply thereto, and the entire record herein, it is by the Court this _____ day of _____, 2007,

ORDERED, that the Defendants District of Columbia, Jennifer Greene and George Bernard's Motion to Dismiss the Complaint is hereby GRANTED; and it is,

FURTHER ORDERED, that the Complaint is hereby DISMISSED as barred by the statute of limitations and, in addition, for failure to state a claim against defendants District of Columbia, Jennifer Greene and George Bernard.

_____
RICARDO M. URBINA
United States District Judge