IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al          *
                                *
          Plaintiffs            *
                                *
     vs.                        *     Case No. 1:07-cv-00583
                                *
PERNELL LAMONT SAVAGE, et al    *
                                *
          Defendants            *

### DEFENDANTS PERNELL LAMONT SAVAGE AND ROBERT DYKES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW the Defendant, Pernell Lamont Savage, by and through undersigned counsel, Michael A. DeSantis, Darragh L. Inman, and Hartel, Kane, DeSantis, MacDonald & Howie, LLP, and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), hereby respectfully moves this Court to dismiss the discrimination/fraud claims against Defendants for failure to state a claim and dismiss the auto tort negligence claim in Count II for lack of jurisdiction. If the Court does not dismiss the auto tort claim in Count II, Defendant Savage requests in the alternative that the Court order Plaintiff to plead the fraud and auto tort claims in count II in separate counts, and states as follows:

1.    Plaintiffs claims based on the Americans with Disabilities Act must be dismissed with prejudice as to Defendants Savage and Dykes because the ADA does not regulate the conduct of individuals.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

2.   Plaintiffs' Free Exercise Clause and 42 U.S.C. § 1983 claims must be dismissed with prejudice as to Defendants Savage and Dykes because they are not alleged to have acted under color of state law, and therefore cannot be liable under these provisions.

3.   Plaintiffs 42 U.S.C. § 1981 claims must be dismissed because Plaintiffs do not allege racial discrimination.  Title 42 U.S.C. § 1981 claims can only be based on racial discrimination.

4.   Because Plaintiffs have failed to plead any violation of federal rights, their 42 U.S.C. § 1985 claims must be dismissed.

5.   Plaintiffs have not stated a legally cognizable claim for fraud because the Complaint fails to identify with specificity any fraudulent act by either Defendant.  If the type of allegations in the Complaint were sufficient to state a claim for fraud, the Courts would be flooded by fraud claims arising from auto tort negligence actions in which the parties had different accounts of the accident.  The fact that such fraud claims are not routinely brought as a part of auto tort cases indicates that the types of allegations at issue in this case do not state fraud claims.  The fraud claims also fail to identify what provable damages Plaintiffs incurred as a result of alleged misrepresentations regarding the color of the traffic light at



HARTEL, KANE, DeSANTIS, MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

the time of the accident.  Damages for denials of insurance claims are not available to Plaintiff Williams because the District of Columbia does not recognize recover for bad faith insurance torts.

6.  There is no diversity jurisdiction over the auto tort claim.  Complete diversity is lacking because the case involves Plaintiffs and Defendants that reside in the District of Columbia.  Moreover, the auto tort claim involves less than $5,000.00 in liquidated damages and no allegation of permanent injury.  Accordingly, diversity jurisdiction is also absent because as a legal certainty, the recovery in the auto tort claim will not meet the $75,000.00 jurisdictional minimum.

7.  There is no pendant jurisdiction over the auto tort claim because this case lacked a substantial federal question that pendant jurisdiction could attach to.  When federal claims in an action are frivolous, they do not provide the Court with power to exercise pendant jurisdiction over State claims.

8.  There is also no pendant jurisdiction over the auto tort claim because the discrimination allegations are not part of the same case or controversy that the auto tort case is. Adjudicating the auto tort case is a simple matter involving simple proofs regarding what happened at the time of the accident.  The discrimination claims involve complex inquiries into the motives, observations, and conduct of multiple



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-3-

individuals.  Moreover, the auto tort claim could be tried without reaching any of the issues of discrimination that are central to the federal claims.  Pendant jurisdiction is therefore inappropriate because the discrimination claims and auto tort claims are not part of the same case or controversy.

9.  Even if pendant jurisdiction were appropriate over the auto tort claims, the Court should refuse to exercise pendant jurisdiction to hear those claims.  The auto tort claim should have been brought before a local court because it purely involves a local controversy that should not be decided in federal court.

10.  If the Court does not dismiss the auto tort claim, it should order Plaintiffs to re-plead Count II so that the auto tort claim has a demand for damages that is separate from the punitive damages prayer.

11.  The District of Columbia, Jennifer Green, and George Bernard have filed a motion to dismiss that contains arguments that support the dismissal of this case against Defendants Savage and Dykes as well.  Defendants Savage and Dykes hereby incorporate the Motion to Dismiss, and memorandum in support thereof, filed by the District of Columbia, Jennifer Green, and George Bernard as if fully stated herein.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-4-

Respectfully submitted:

HARTEL, KANE, DeSANTIS
MacDONALD & HOWIE, LLP


_____/S/_____
Michael A. DeSantis, # 422602
Darragh L. Inman, # 501582
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705-3166
Telephone (301)486-1200
Facsimile (301)486-0935
Attorneys for Defendants Savage
and Dykes




HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

## STATEMENT OF POINTS AND AUTHORITIES

1.  Please see attached Memorandum of Grounds and Authorities.

2.  Fed.R.Civ.P. 12(b)(6)

3.  Fed.R.Civ.P. 12(b)(1)

4.  Fennell v. AETNA Life Ins. Co., 37 F. Supp. 2d. 40 (D.D.C. 1999)

5.  Sindram v. Merriwether, 506 F. Supp. 2d 7 (D.D.C. 2007)

6.  Atkins v. County of Orange, 251 F. Supp. 2d 1225 (S.D.N.Y. 2003)

7.  Santa Fe Independent School District v. Doe, 530 U.S. 290 (2000)

8.  Granfield v. Catholic University of America, 530 F.2d 1035 (D.C. Cir. 1976)

9.  42 U.S.C. § 1983

10. 42 U.S.C. § 12131

11.   <u>Alexander v. Washington Gas Light Co.</u>, 481 F. Supp. 2d 16 (D.D.C. 2006)

12.   42 U.S.C. § 1981

13.   <u>Martinez v. Hazelton Research Animals, Inc.</u>, 430 F. Supp. 186 (D. Md. 1977)

14.   <u>Fletcher v. Hook</u>, 446 F.2d 14 (3d Cir. 1971)

15.   <u>Lucas v. Kale</u>, 364 F. Supp. 1345 (W.D. Va. 1973)

16.   <u>Hercules & Co. v. Shama Restaurant Corp.</u>, 613 A.2d 916 (D.C. 1992)

17.   <u>Daisley v. Riggs Bank N.A.</u>, 372 F. Supp. 2d 61 (D.D.C. 2005)

18.   <u>Railan v. Katyal</u>, 766 A.2d 998 (D.C. 2001)

19.   <u>Exxon v. Allapattah Services, Inc.</u>, 545 U.S. 546 (2005)

20.   <u>Wisconsin Dep't of Corrections v. Schacht</u>, 524 U.S. 381 (1998)

21.   <u>Watkins v. Pepco Energy Services, Inc.</u>, Civ. Action No. 04-2062 (D.D.C. 2005), *available at 2005 U.S. Dist. LEXIS 16930*

22.   <u>Gomez v. Wilson</u>, 477 F.2d 411 (D.C. Cir. 1973)

23.   <u>Rosenboro v. Kim</u>, 994 F.2d 13, 17 (D.C. Cir. 1993)

24.   <u>Prakash v. American University</u>, 727 F.2d 1174 (D.C. Cir. 1984)

25.   Fed.R.Civ.P. 10(b)

26.   Fed.R.Civ.P. 12(e)



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

                          /S/
          Michael A. DeSantis, # 422602

                    -6-

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January ,

2008, by way of electronic filing, a copy of the foregoing was

served on:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303


Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C.  20001

Courtesy Copy:

Hon. Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001


                                    /S/
                        Michael A. DeSantis



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

E:\MAD\Williams v. Savage\PLEADINGS\Defendant Savage and Dykes' Motion to Dismiss.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al            *
                                  *
        Plaintiffs                *
                                  *
    vs.                           *    Case No. 1:07-cv-00583
                                  *
PERNELL LAMONT SAVAGE, et al      *
                                  *
        Defendants                *

### MEMORANDUM IN SUPPORT OF DEFENDANTS PERNELL LAMONT SAVAGE AND ROBERT DYKES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs' complaint must be dismissed in its entirety against Defendants Pernell Lamont Savage and Robert Dykes because the federal claims asserted in it are frivolous. Defendants Savage and Dykes are not proper parties to the federal discrimination claims, which must be summarily dismissed.  To the extent any independent fraud claims are being alleged against Savage and Dykes, they must be dismissed because they fail to state with particularity what fraudulent acts Defendants Savage and Dykes committed and what compensable damages occurred as a result of those acts.  The Complaint merely alleges two differing accounts of how an auto accident occurred, which is not a sufficient basis for a fraud claim. The fraud claims also fail to plead cognizable damages.  The fraud claims seek a type of recovery that the District of Columbia refuses to recognize; that of bad faith failure to



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

settle an insurance claim.  Accordingly, all fraud claims against Defendants Savage and Dykes must be dismissed.

Given the frivolous nature of the federal claims, the pendant auto tort claim must be dismissed as well because there is no substantial federal claim upon which to base pendant jurisdiction.  Accordingly, for these reasons, as well as the reasons stated in the Motion to Dismiss filed by the District of Columbia and other Defendants employed by the district, which Defendants Savage and Dykes incorporate herein, this Complaint must be dismissed as to Defendants Savage and Dykes.

## I.  Statement of Facts

On March 24, 2004 Don Williams was driving a friend's car in the District of Columbia.  (Complaint at ¶¶ 15, 18). Plaintiffs McQueens and Allen were following in a vehicle behind him.  (Complaint at ¶ 21).  As the vehicles approached the intersection of 11th Street and H Street, Don Williams' vehicle entered the intersection and was involved in an accident with a vehicle operated by Pernell Savage.  (Complaint at ¶ 22).

As a result of the accident, Plaintiff Williams sustained $4,343.90 in medical expenses.  (See Medical Invoices of Plaintiff Williams, attached as exhibit A).  As the accident was investigated, Plaintiffs came to believe that the officers and some of the witnesses involved were biased against Plaintiffs, because they were members of alcoholics anonymous.  (Complaint



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-2-

at §31).  During the investigation the Complaint alleges that Defendant Savage falsely stated that he had a green light at the intersection. (Complaint at § 33).  Williams was issued a citation for the accident for failure to yield the right of way, which was later dropped.  (Complaint at ¶ 40-41).

Williams believes that a bias against those in alcoholics anonymous continued after the initial investigation of the accident, preventing him from reaching an out of court settlement with Progressive, Savage's carrier.  (Complaint at ¶¶ 56, 73).  The other Plaintiffs believe they were denied an opportunity to meaningfully participate in the investigation and resolution of Plaintiff Williams' claim.

## II.  Motion to Dismiss Standard

A motion to dismiss for failure to state a claim should be granted when it appears that the plaintiff can prove no set of facts that would entitle him to relief. <u>Wagener v. SBC Pension Benefit Plan</u>, 407 F.3d 395, 401 (D.C. Cir. 2005).  Fed.R.Civ.P 12(b)(6) allows the Court to dispose of claims asserting defective legal theories that cannot result in recovery. <u>See e.g.</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1966 (2007).  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the Court.'" <u>Twombly</u>, 127



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-3-

S.Ct. at 1966.  Accordingly, Fed.R.Civ.P.12(b)(6) allows the
Court to dispose of legally defective cases at the beginning of
the action, before money and resources are wasted engaging in
discovery regarding legally insufficient claims.

When subject matter jurisdiction is challenged under
Fed.R.Civ.P. 12(b)(1), plaintiffs have the burden of
establishing by a preponderance of the evidence that subject
matter jurisdiction exist.  <u>Lujan v. Defenders of Wild Life</u>, 504
U.S. 555, 561 (1992).  The Court may consider documents outside
of the pleadings when determining whether or not it has
jurisdiction over a case.  <u>Flynn v. Ohio Restoration</u>, 260 F.
Supp. 2d 156, 161 (D.D.C. 2003).  When dealing with a "facial"
challenge to the jurisdictional facts in the Complaint as pled,
those facts are considered in light most favorable to the non-
moving party.  <u>See</u> <u>Flynn</u>, 260 F. Supp. 2d at 162.  When a
challenge to jurisdiction refuses to accept the jurisdictional
assertions made in the Complaint, thus challenging their factual
accuracy, the factual allegations in the Complaint are still
relevant, but not controlling.  <u>Flynn</u>, 260 F. Supp. 2d at 162.
When this type of "factual" challenge is made to jurisdictional
allegations in the Complaint "the Court must weight the
allegations of the complaint and evidence outside of the
pleadings in order to satisfy itself as to the existence of its
power to hear the case."  <u>Flynn</u>, 260 F. Supp. 2d at 162.

-4-



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

### III.  Argument

### A.    The Federal and "Fraud" Claims Are Frivolous

The federal and "fraud" claims brought against Defendants Savage and Dykes in this case are frivolous, and must be dismissed.  These claims, which alleged discriminatory "fraud" aimed at Plaintiffs, cannot be properly brought against Defendants Savage and Dykes and fail to allege legally recognized damages.

#### 1.  ADA Claims Cannot Be Brought Against Defendants Savage and Dykes.

Plaintiffs' do not state Americans with Disabilities Act claims against Defendants Savage and Dykes because ADA claims cannot be brought against individuals.  Title I of the ADA only applies to employers.  See Fennell v. AETNA Life Ins. Co., 37 F. Supp. 2d. 40, 44 (D.D.C. 1999).  Plaintiffs do not contend that Savage or Dykes employed them.  Title II of the ADA applies to public entities, rather than individuals like Savage and Dykes.  See Sindram v. Merriwether, 506 F. Supp. 2d 7, 11-12 (D.D.C. 2007).  "Because Title II of the ADA provides redress to disabled individuals for discrimination by a public entity, individuals may not be sued."  Atkins v. County of Orange, 251 F. Supp. 2d 1225, 1233 (S.D.N.Y. 2003).  Accordingly, the first two Titles of the ADA do not apply to Defendants Savage and



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-5-

Dykes, indicating that any relief to Plaintiffs from the ADA must be found in Title III.

Title III of the ADA only apples to persons or entities that "operate a place of public accommodation." <u>Fennell</u>, 37 F. Supp. 2d at 44. Neither Defendant Savage nor Defendant Dykes operates any type of public accommodation, rendering Title III inapplicable to them as well. <u>Fennell</u>, 37 F. Supp. 2d at 44. Moreover, attempts to stretch Title III of the ADA beyond physical spaces, into areas such as the provision of insurance, have failed. Title III of the ADA is expressly limited to public accommodations, "not goods or services" such as insurance. <u>See</u> <u>Fennell</u>,37 F. Supp. at 44. In determining that the administration of an employee benefits plan was not subject to ADA regulation, the Court in <u>Fennell</u> stated:

> A plain reading of the statute indicates an intent by Congress to prohibit discrimination, based on physical disability, in *places* that accommodate. An employment disability benefits plan does not constitute a place."

<u>See</u> <u>Fennell</u>,37 F. Supp. 2d. at 44.

Accordingly, Plaintiffs' ADA claims that Defendants Savage and Dykes interfered with their ability to file an insurance claim, or participate in its investigation, based on an accident fail because Defendants Savage and Dykes are not the type of



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

-6-

Defendants that are regulated by the ADA.  Defendants Savage and Dykes are impermissible targets of Plaintiffs' ADA claims. Those claims must be dismissed with prejudice.

### 2. Free Exercise Claims Cannot Be Brought Against Defendants Savage or Dykes

Plaintiffs cannot bring Free Exercise claims against Defendants Savage and Dykes because the Free Exercise clause of the First Amendment prevents *State* interference with the free exercise of religious beliefs.  "The Religion Clauses of the First Amendment prevent the government from making any law respecting the establishment of religion or the free exercise thereof."  <u>Santa Fe Independent School District v. Doe</u>, 530 U.S. 290, 313 (2000).  The United States Court of Appeals for the District of Columbia has explained:

> The Free Exercise Clause is written in terms of what the government cannot do to the individual.  The first amendment's proscription becomes specifically applicable when *government* attempts by law or other means to affect the freedom of those within a particular religious creed.

<u>Granfield v. Catholic University of America</u>, 530 F.2d 1035, 1046 (D.C. Cir. 1976)(emphasis added).

The First Amendment is not directed towards Defendants Savage and Dykes because they are individuals.  Moreover, the Complaint does not allege that Defendants Savage or Dykes were vested with governmental authority.  Accordingly, the Free



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Exercise Claims against Defendants Savage and Dykes must be dismissed with prejudice.

### 3. Plaintiffs Cannot Bring 42 U.S.C. § 1983 Claims Against Savage or Dykes Because They Were Not Acting Under Color of State Law.

Defendants Savage and Dykes are not proper parties to a Title 42 U.S.C. § 1983 suit because they are not state actors, and the Complaint does not allege that they were "acting under color of state law" at any point during the events forming the basis of this complaint. "An individual alleging a violation of Section 1983 must demonstrate that the alleged deprivation of constitutional rights was committed by a person or entity acting under color of state law." <u>Alexander v. Washington Gas Light Co.</u>, 481 F. Supp. 2d 16, 27-28 (D.D.C. 2006). Because the Complaint does not contend that the State "formulated, or is in any way responsible for" the actions of Savage of Dykes, all § 1983 claims must be dismissed against them. See <u>Alexander</u>, 481 F. Supp. 2d at 27-28.

### 4. Plaintiffs' 42 U.S.C. § 1981 Claims Fail Because They Have Not Alleged Racial Discrimination.

As the District of Columbia has demonstrated, Plaintiffs Title 42 U.S.C. § 1981 claims fail because they have alleged discrimination based on their membership in Alcoholics Anonymous rather than race. Section 1981 only provides a remedy for racial discrimination. See <u>Martinez v. Hazelton Research</u>



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

<u>Animals, Inc.</u>, 430 F. Supp. 186 (D. Md. 1977).  Because

Plaintiffs do not allege racial discrimination in their

Complaint, their 42 U.S.C. § 1981 claims must be dismissed.

### 5.  Plaintiffs Fail to State 42 U.S.C. § 1985 Claims Because They Have Not Stated an Underlying Violation of Federal Rights.

As demonstrated by the District of Columbia, Plaintiffs

fail to state a 42 U.S.C. § 1985 claim because they have not

stated an underlying deprivation of federal rights.

<u>See</u> <u>Alexander v. Washington Gas Light Company</u>, 481 F. Supp. 2d

16, 31 (D.D.C. 2006).  Furthermore, Plaintiffs do not allege

specific facts regarding how Defendant Savage or Dykes conspired

with other Defendants to deprive Plaintiffs of their rights.

Conclusory claims of conspiracy are insufficient to state a

claim under § 1985.  <u>See</u> <u>e.g.</u> <u>Fletcher v. Hook</u>, 446 F.2d 14, 15

(3d Cir. 1971); <u>Lucas v. Kale</u>, 364 F. Supp. 1345, 1347 (W.D. Va.

1973).  Accordingly, Plaintiffs § 1985 claims must be dismissed.

### 6.  The Complaint Does Not State A Claim for Fraud

To the extent that the Complaint seeks to recover for

fraud,[1] it fails to state such a claim because it alleges nothing

more than a dispute between two drivers regarding how an auto

accident occurred.  This scenario fails to state a fraud claim

---

1.  The Complaint appears to label as "fraud" any statement made
    with the alleged discriminatory animus against persons in
    alcoholics anonymous.

-9-

because it does not plead with particularity facts from which one can conclude that either Savage or Dyke's acted with fraudulent intent or did anything fraudulent.

The District of Columbia Court of Appeals has explained, "fraud is never presumed, and a plaintiff alleging it must do so with particularity and must prove it by clear and convincing evidence." Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 923 (D.C. 1992). Fraud must be pled at a high standard in the complaint in order to prevent the routine factual disputes present in all litigation from becoming the subject of fraud claims. Accordingly, "[t]o be entitled to a trial on the merits of a fraud claim, a plaintiff must allege 'such facts as will reveal the existence of all the requisite elements of fraud." Hercules & Co., 613 A.2d at 923. "Allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient." Hercules & Co., 613 A.2d at 923. (emphasis added).

In order to prove fraud, the Plaintiff must prove by clear and convincing evidence "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of falsity, (4) with the intent to deceive, and (5) action taken by the [plaintiff] in reliance upon the representation, (6) which consequently resulted in provable damages. Railan v. Katyal, 766 A.2d 998, 1009 (D.C. 2001).

-10-



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Plaintiff Williams fails to state a fraud claim because he does not plead any facts that indicate anything other than a dispute regarding the color of the light at the time of the accident.    The Complaint merely concludes that because there were differing statements regarding the color of the light at the time of the accident, fraud must have been involved.    This type of conclusion is insufficient to state a fraud claim because it rests on a conclusion of fraud rather than a fact that supports a finding of fraud.    See <u>Hercules & Co.</u>, 613 A.2d at 923.

Likewise, the Complaint fails to state a fraud claim against Defendant Dykes, who allegedly expressed ambivalence when face with an allegation by Plaintiff's counsel that his insured was lying.    The Complaint alleges that Dykes "upon being shown the deception that had been practiced by the insured of his company . . . knowingly decided to participate in the deception and discrimination."    (<u>See</u> Complaint at 14).    The Complaint later alleges:



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

> "Plaintiff Williams also, though counsel, contacted the adjuster of the carrier for the striking driver, the defendant Dykes, who indicated when fully informed of the facts that he really didn't care if his insured had lied . . . "

Complaint at ¶ 58.

-11-

These allegations fail to state a fraud claim against Dykes because they simply involve the type of liability negotiations that take place between Plaintiff's counsel and insurance adjusters on a daily basis. There is no allegation that Dykes was told by Savage that Savage was lying. Plaintiff's counsel made the assertion that Savage was lying. (See Complaint at ¶ 58). Accordingly, the allegations amount to no more than a claims adjuster indicating that he was siding with the story of Mr. Savage. This scenario cannot be the basis of a fraud claim.

The fraud claim must also be dismissed because the element of reliance must be absent because Plaintiff's counsel and Mr. Dykes were disputing an open claim when the alleged fraud took place. Under such circumstances, a fraud claim simply cannot be pled because Plaintiff's counsel cannot reasonably rely on a insurance companies position regarding its insured's statements regarding an accident. Accordingly, Williams has not pled a fraud claim against Dykes. Railan, 766 A.2d at 1009.

The fraud claims also fail because they fail to allege damages. The failure to allege damages arising from the alleged fraud is particularly apparent in the claims brought by Plaintiffs McQueen and Allen. Plaintiffs McQueen and Allen were not physically or financially harmed by the accident, which they merely witnessed. Accordingly, they have clearly failed to state fraud claims because they do not state what "the claimant



HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

-12-

lost as a consequence of the fraud." <u>Daisley v. Riggs Bank N.A.</u>, 372 F. Supp. 2d 61, 78 (D.D.C. 2005). Absent such a statement indicating that the allege misrepresentation damaged Plaintiffs McQueen and Allen in some "provable" manner, their fraud claims must be dismissed. See <u>Railan v. Katyal</u>, 766 A.2d 998, 1010 (D.C. 2001)(explaining that action taken in reliance on fraud must "consequently result[] in provable damages"). Plaintiffs McQueen and Allen have not explained how Savage's alleged misrepresentations about the color of the traffic signal in the accident have harmed them, given that they were not physically or financially harmed in the accident. To the extent that they claim they have been denied an opportunity to participate in the insurance investigation, that deprivation has already been remedied by their participation in the present lawsuit. Accordingly, Plaintiffs McQueen and Allen have both failed to state fraud claims against Defendants Savage and Dykes.

Plaintiff Williams' claims that statements made by Savage and Dykes "injured his property of the claims against the driver that struck him" also fail to satisfy the requirements of a fraud claim. This statement does not allege compensable damages because Plaintiff Williams retained his right to bring an auto tort claim against Mr. Savage. Nothing in the Complaint alleges any fraudulent fact that takes this case out of the realm an



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-13-

everyday insurance dispute.    Williams retained his "property of the claim against the driver that struck him" and is exercising it in this lawsuit's automobile negligence count.

Plaintiffs fraud claims seek recovery for "damages" that the District of Columbia does not recognize.    District of Columbia law does not recognize tort damages based on the investigation and settlement of insurance claims, even in the context of bad faith refusals to pay benefits.    See Fireman's Fund Ins. Co. v. CTIA, 480 F. Supp. 2d 7, 8(D.D.C. 2007); Brand v. GEICO, Civ. Action No. 04-01133 (D.D.C. 2005), available at 2005 U.S. Dist. LEXIS 44787 at * 11.    The fraud claims in the Complaint must be dismissed because in essence they attempt to bring bad faith insurance claims against Defendants Savage and Dykes.    In essence, the fraud claim alleges that Savage's statements negatively impacted the treatment of Williams' claim. Dykes is accused of failing the properly settle the claim.    Both of these claims are cannot be remedied by a bad faith insurance tort claim.    See Fireman's Fund Ins. Co., 480 F. Supp. 2d at 8. Williams' remedy for vindicating his property interest in his insurance claim is to bring a negligence claim, which he has done.    District of Columbia law does not entitle him to anything further.    Accordingly, the fraud claims in this action must be dismissed, because they do not plead compensable damages.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-14-

### 7. Federal Claims Fail for the Numerous Reasons Already Cited by the District of Columbia.

The District of Columbia has already demonstrated that the Plaintiffs federal claims must be disposed of in its motion to dismiss on grounds that are applicable to Defendants Savage and Dykes.  Defendants Savage and Dykes incorporates the District's motion to dismiss as if fully stated herein.

### B. The Non-Federal Claims Must be Dismissed for Want of Jurisdiction.

#### 1. There is No Diversity Jurisdiction

There is no diversity jurisdiction over the auto tort claim in this case because the entire case lacks complete diversity and the amount in controversy for the auto tort claim is under the amount required for diversity jurisdiction.

Complete diversity is absent in this case because the Plaintiffs reside in the District of Columbia, where several defendants reside.  In fact, the Complaint names the District of Columbia itself as a defendant, in addition to Defendants Green, Bernard, and Kingsberry, whom are all listed with District of Columbia addresses.  Including these defendants in this action divests the Court of diversity jurisdiction over the entire case, including the auto tort claim.  Courts:

> have consistently interpreted § 1332
> as requiring complete diversity: In a
> case with multiple plaintiffs and
> multiple defendants, the presence in



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-15-

> the action of a single plaintiff from
> the same State as a single defendant
> deprives the court of original
> diversity jurisdiction over the
> entire action.

See Exxon v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005).

Accordingly, even though the auto tort claim is not brought against the District of Columbia resident Defendants, the presence of the District of Columbia Defendants in this case destroys complete diversity, divesting the Court of diversity jurisdiction over the entire case.  Exxon, 545 U.S. at 552. When jurisdiction rests on diversity, "one claim against one nondiverse defendant destroys that original jurisdiction." Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 389 (1998).  Plaintiffs' claims against nondiverse defendants in this case destroy diversity for the entire case.  Accordingly, there is no diversity jurisdiction over the auto tort claim.

There also cannot be diversity jurisdiction over the auto tort claim in this case because the jurisdictional prerequisite of $75,000 cannot be met by an auto tort claim involving under $5,000.00 in medical bills.  Title 28 U.S.C. § 1332 requires that any case brought under diversity jurisdiction involve at least $75,000.00.  See Exxon, 545 U.S. at 552 (explaining that "§1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.00").  Whether



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-16-

the jurisdictional amount is satisfied or not is controlled by the amount of damages claimed by the Plaintiff, until that amount is controverted by the defendant.  <u>Watkins v. Pepco Energy Services, Inc.</u>, Civ. Action No. 04-2062 (D.D.C. 2005), *available at 2005 U.S. Dist. LEXIS 16930* at *4-6.  Once challenged, the Plaintiff bears the burden of demonstrating that the jurisdictional amount has been met. <u>Gomez v. Wilson</u>, 477 F.2d 411, 420 (D.C. Cir. 1973); <u>see also</u> <u>Rosenboro v. Kim</u>, 994 F.2d 13, 17 (D.C. Cir. 1993) (analyzing whether jurisdictional amount had been met through medical evidence submitted by plaintiff, consisting of medical bills).  The action must be dismissed if it appears to a "legal certainty" that the plaintiff cannot be awarded the jurisdictional amount based on the documents before the Court.  See <u>Rosenboro</u>, 994 F.2d at 16-17.

The auto tort claim involves insignificant damages that cannot, as a "legal certainty," reach the jurisdictional prerequisite of $75,000.00.  A Plaintiff's claim that his auto tort case may meet the jurisdictional prerequisite is evaluated by looking at the plaintiff's evidence of liquidated damages, such as medical bills and lost wages, and evidence of permanent injury.  See <u>Rosenboro</u>, 994 F.2d at 16.  In <u>Rosenboro</u>, the District of Columbia Circuit held that a plaintiff with "a couple thousand dollars in medical expenses" and no claim of



HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-17-

permanent injury failed, as a legal certainty, to state a claim for the then prerequisite amount of $50,000. See Rosenboro, 994, F.2d at 16.

Rosenboro dictates that diversity jurisdiction does not exist over Plaintiff Williams' auto tort case, which involves merely a couple of thousand of dollars in medical expenses and no claim of permanent injury. Plaintiffs' discovery responses reveal that Plaintiff Williams only incurred $4,343.90 in medical expenses. (See Medical Invoices of Plaintiff Williams, attached as exhibit A). With respect to permanent injury, Williams answered Defendant Progressive's interrogatory number 13, which requested any facts supporting a permanent injury claim, with, "I was in intense pain and could not move; very sore, *but nothing permanent so far as I know*, although I am not a doctor." (See Plaintiff Williams answer to Progressive's interrogatory number 13, attached as exhibit B) (emphasis added). Because Williams does not contend that he is permanently injured, there is no possibility that a jury will award $70,000.00 in non-economic damages to increased the $4,343.90 to the jurisdictional prerequisite. See Rosenboro, 994, F.2d at 16. Accordingly, because it is a legal certainty that the $4,343.90 auto tort claim in this case will not generate $75,000.00 in damages, there is no diversity jurisdiction over the auto tort claim in this case.



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-18-

**2. There is No Supplemental Jurisdiction Over the Auto Tort Claim.**

Pendant jurisdiction over the state auto tort claim is inappropriate in this case because the federal claims brought by the three plaintiffs were insubstantial, and therefore do not even permit the exercise of supplemental jurisdiction. See Prakash v. American University, 727 F.2d 1174, 1182 (D.C. Cir. 1984). When federal claims are "insubstantial" and "leave no room for the inference that the questions sought to be raised can be the subject of the controversy," pendant jurisdiction cannot be exercised over any state claims brought with the insubstantial federal claims. Prakash, 727 F.2d at 1182, n. 59.

As has already been demonstrated, the federal discrimination claims brought by the plaintiffs are insubstantial and demonstrate nothing more than an attempt to transform as state law auto tort case into a federal discrimination controversy. The attempt cannot be rewarded by exercising federal jurisdiction over the state auto tort claim. Accordingly, pendant jurisdiction over the state auto tort claim does not exist, and the claim should be dismissed. See Prakash, 727 F.2d at 1182, n. 59.

Pendant jurisdiction also does not exist over the state auto tort claim because it is not part of the same Article III case and controversy as the discrimination claims. Pendant



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-19-

jurisdiction over state claims only exists when those claims are so connected to the federal claims that the plaintiff "would ordinarily be expected to try [the federal and state claims] all in one judicial proceeding." Prakash, 727 F.2d at 1183, n. 60. If the federal claims could be tried, they would not be part of the same trial unit as the state auto tort claim. The federal claims involve determinations regarding what persons said and did during and after the accident and the motives behind such speech and behavior. Issues involving the Defendants' knowledge of the Plaintiffs' membership in Alcoholics Anonymous and events that expose a bias against that group would be central issues in the discrimination case. These issues have nothing to do with the auto tort case.

The auto tort claim can be decided without touching the key issues that would be decided in the federal claims. A determination would be made in the auto tort case regarding which party had the right of way at the intersection, and what damages were at issue. The federal claims would expand broadly beyond this scope, exploring the content of various person's speech and the motivations behind it. The differences between the issues involved in the discrimination claims and the auto tort claim indicate that the two actions do not form one efficient trial unit, and are not part of the same case or controversy. See Prakash, 727 F.2d at 1183, n. 60.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-20-

Likewise, the damages in the auto tort action will be completely different than any damages involved in the purported federal case.  Damages in the auto tort case will be limited to what injuries Plaintiff Williams sustained and what treatment was reasonably necessary to treat the injuries.  Such considerations cannot possibly enter into the damages calculus for the purported constitutional case.  Accordingly, the differences in the damages involved in the auto tort case and federal case also indicated that the two cases are not part of the same Article III controversy and that pendant jurisdiction does not exist over the state tort claims.

Even if pendant jurisdiction existed, the court nevertheless should decline to exercise jurisdiction in this case.  "[I]t has consistently been recognized that pendant jurisdiction is a doctrine of discretion, not of plaintiff's right."  Prakash, 727 F.2d at 1183.  The Court should consider judicial economy, convenience and fairness to litigants in determining whether or not to exercise pendant jurisdiction. Prakash, 727 F.2d at 1183.  In this case, it is incredibly inefficient to try a simple auto tort case, consisting of under $5,000.00 in damages, along with purported federal claims that, if cognizable, would require a massive inquiry into the motivations of multiple individuals, including questions regarding their intent and bias.  Such questions are difficult



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

and time consuming to answer, unlike the simple motor tort claims that could be easily determined. Judicial economy is not served by joining a potentially discovery intensive case with a simple auto tort case. Accordingly, even if pendant jurisdiction exists in this case, it should not be exercised. Prakash, 727 F.2d at 1183.

> **C.    If the Auto Tort Claim is Not Dismissed, Plaintiff Should Be Ordered to Re-Plead It as an Individual County with Its Own Damages Demand.**

If the Court does not dismiss the auto tort claim, it should order Plaintiff Williams to re-pled the claim with its own damages demand. Count II appears to re-allege the fraud claims from Count I and then add an auto tort claim. (See Complaint, ¶¶ 72-73). It then requests $200,000.000 in compensatory and punitive damages, without any indication as what damages are attributable to the auto tort claim, punitive damages prayer, or fraud claim.

By joining Count I's fraud claims with a state auto tort claim, Count II violates Fed.R.Civ.P. 10(b) requires each claim to be stated as a separate count. Fed.R.Civ.P. 10(b). Moreover, by joining the auto tort claim with the previously asserted fraud claim, Plaintiffs sidestep their responsibility of taking a position on whether the claim meets the $75,000.00 prerequisite for diversity jurisdiction.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

If the Court does not dismiss the auto tort claims, Defendants Savage and Dykes respect request that the Court order Plaintiffs under Fed.R.Civ.P. 12(e) to re-plead the auto tort claim in a separate count, with a separate prayer for damages.

WHEREFORE, Defendants Savage and Dykes, by and through undersigned counsel, hereby moves the Court to dismiss Count I against them for failure to state a claim, dismiss any remaining fraud claims against them in Count II for failure to state a claim, to dismiss the auto tort claim for lack of jurisdiction, and to dismiss any remaining claim in Count II as duplicitous of the claims in Count I. In the alternative, if the Court does not dismiss the auto tort claim for want of jurisdiction, Plaintiffs request that the Court order Plaintiffs to comply with Fed.R.Civ.P. 10(b) and amend its complaint to contain separate counts for each claim asserted against Defendants Savage and Dykes with separate demands for damages.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Respectfully submitted:

HARTEL, KANE, DeSANTIS
MacDONALD & HOWIE, LLP

_____/S/_____
Michael A. DeSantis, # 422602
Darragh L. Inman, # 501582
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705-3166
Telephone (301)486-1200
Facsimile (301)486-0935

-23-

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January ,
2008, by way of electronic filing, a copy of the foregoing was
served on:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303


Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C.  20001

Courtesy Copy:

Hon. Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001


                              /S/
                    _____
                    Michael A. Desantis



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

_____

5924 North 15th Street
Arlington, Virginia 22205

E:\MAD\Williams v. Savage\PLEADINGS\Memorandum in Support of Defendants Savage and Dykes Motion to Dismiss.wpd

-24-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al          *
                                *
          Plaintiffs            *
                                *
vs.                             *      Case No. 1:07-cv-00583
                                *
PERNELL LAMONT SAVAGE, et al    *
                                *
          Defendants            *

<u>ORDER</u>

    Upon consideration of Defendant Pernell Lamont Savage and Robert Dykes' Motion to Dismiss, and any opposition thereto, it is this _____day of _____, 2008, **ORDERED:**

    That Count I is dismissed as to Defendants Savage and Dykes with prejudice;

    That any additional fraud and punitive damages claims against Defendants Savage and Dykes in Count II are also dismissed with prejudice;



HARTEL, KANE, DESANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205

-25-

That the auto tort negligence claim in Count II is dismissed for want of jurisdiction.

_____

Judge Ricardo M. Urbina
United States District Court
for the District of Columbia


cc:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303


Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C.  20001

Michael A. DeSantis
Hartel, Kane, DeSantis,
 MacDonald & Howie, LLP
11720 Beltsville Dr.
Suite 500
Beltsville, Md 20705



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

**EXHIBIT A**

### ANACOSTIA NECK AND BACK PAIN CENTER
2027 MARTIN LUTHER KING, JR. AVE., S.E.
WASHINGTON, D.C. 20020
TELEPHONE: (202) 610-2260
Fax: (202) 610-2240

TAX ID # 52-2158663

## STATEMENT

**PATIENT: Don Williams**
**D/A:** 03/24/04

DIAGNOSIS:  1. Cervical sprain/strain (847).
              2. Thoracic sprain/strain (847.1).
              3. Paraspinal myofascitis (728.85).

| DATE OF VISIT | DESCRIPTION OF SERVICE | CPT | DX CODE | CHARGE |
|---|---|---|---|---|
| 03/31/04 | Extended History and Examination | 99203 | 1-3 | $150.00 |
|  | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |
|  | Hot Packs | 97010 | 1-3 | $25.00 |
|  | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| 04/01/04 | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |
|  | Hot Packs | 97010 | 1-3 | $25.00 |
|  | Therapeutic Massage | 97124 | 1-3 | $30.00 |
|  | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| 04/05/04 | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |
|  | Hot Packs | 97010 | 1-3 | $25.00 |
|  | Trigger Points | 97124 | 1-3 | $30.00 |
|  | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| 04/06/04 | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |
|  | Hot Packs | 97010 | 1-3 | $25.00 |
|  | Trigger Points | 97124 | 1-3 | $30.00 |
|  | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| 04/07/04 | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
|  | Hot Packs | 97010 | 1-3 | $25.00 |
|  | Therapeutic Massage | 97124 | 1-3 | $30.00 |
|  | Intersegmental Traction | 97012 | 1-3 | $30.00 |
|  | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |

-2-

**PATIENT: Don Williams**

| DATE OF VISIT | DESCRIPTION OF SERVICE | CPT | DX CODE | CHARGE |
|---|---|---|---|---|
| 04/08/04 | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |
| | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| 04/09/04 | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| | Electric Muscle Stimulation | 97014 | 1-3 | $35.00 |
| | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| 04/12/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 04/14/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 04/16/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 04/19/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Ultrasound | 97128 | 1-3 | $45.00 |
| 04/21/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 04/23/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| | Re-examination | 99212 | 1-3 | $50.00 |

-3-

**PATIENT: Don Williams**

| DATE OF VISIT | DESCRIPTION OF SERVICE | CPT | DX CODE | CHARGE |
|---|---|---|---|---|
| 04/26/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 04/30/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 05/03/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |
| 05/10/04 | Hot Packs | 97010 | 1-3 | $25.00 |
| | Trigger Points | 97124 | 1-3 | $30.00 |
| | Intersegmental Traction | 97012 | 1-3 | $30.00 |
| | Chiropractic Manipulation | 98940 | 1-3 | $45.00 |

TOTAL $2445.00

****INSURANCE ASSIGNMENT ACCEPTED****
THE ABOVE NAMED PATIENT HAS ASSIGNED TO THE
ANACOSTIA NECK AND BACK PAIN CENTER BENEFITS
OTHERWISE PAYABLE TO THEMSELVES.  SEE ENCLOSED
ASSIGNMENT FORM.



## *Howard University Hospital*

**DEPARTMENT 68**
**WASHINGTON, D.C.**
**20055**

**WILLIAMS ,DON**
Service Date:        03/24/04
Service End:         03/24/04
Last Statement Date: 03/31/04
Account No:          23961865

For Account Information, Please Call (202) 865-3500   9am - 4pm, Mon - Fri

### *Statement of Account*   04/30/04

| Transaction Date | Description | Amount |
|---|---|---|
| | PREVIOUS BALANCE | 1,898.90 |

| Estimated Insurance Due: | .00 | Total Patient Credits: | .00 | Account Balance: | 1,898.90 |
|---|---|---|---|---|---|

THANK YOU FOR CHOOSING HOWARD UNIVERSITY HOSPITAL.
CREDIT CARD PAYMENTS ACCEPTED AT (202) 865-3500 FROM
9AM-4PM.
NOTE: THE PROFESSIONAL FEE IS NOT INCLUDED IN THE
HOSPITAL BILL; YOU WILL RECEIVE A SEPARATE BILL.

PLEASE REMIT PAYMENT IN FULL
THE BALANCE DUE IS NOW YOUR RESPONSIBILITY.

Please detach and return with your payment

HOWARD UNIVERSITY HOSPITAL
DEPARTMENT 68
WASHINGTON, D.C.
20055

ADDRESS SERVICE REQUESTED

| For Hospital Use Only | Account Number: **23961865** | Please Pay This Amount: **1,898.90** |
|---|---|---|
| REG DT: 032404 | | |
| FC/PT/I1 ZX | Patient Name: **WILLIAMS ,DON** | Due By: **05/10/04** |
| STMT DT: 043004 | | |
| GT 202-000-0000 | Card Number: | CVV2 No:* | Exp. Date: |
| MR 660927 | Signature: | Amount Paid: |

Make Check Payable To HOWARD UNIVERSITY HOSPITAL
* The CVV2 Number is the last 3 digits on the back of your credit card, by your signature

00018172   1 AT   0.292   01
              23961865
 )N E WILLIAMS
 ¬213 7TH ST SE APT 202
WASHINGTON DC 20032-3507

HOWARD UNIVERSITY HOSPITAL
DEPARTMENT 68
WASHINGTON, D.C. 20055

Please check this box if your address or insurance information has changed and provide the correct information on the back of this form

```
                              FACULTY PRACTICE PLAN HOW UNIV                              PAGE
                                        Ledgers                              PRINTED: 10/11/2007 09:1


*****

WILLIAMS,DON                      M/R #063997  660927 DOB: 01/16/1952 M
SSN: 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


1725 LINCOLN RD  WASHINGTON,DC  20001
PATIENT'S EMPLOYER: DEPT OF UBLIC WORKS  33RD WATER ST N.W.  WASHINGTON,DC
                202-584-2480
PR  FSC          CERT/GROU/PLAN/          REL      SUBSCRIBER
  INSURANCE CO NAME                    EFF DATE  EXP DATE


1  502    NYL    23072108500//Q06       1       WILLIAMS,DON
2   7    BAD


ACCOUNTS IN GROUPS: 22
REGISTERED ON: 11/04/97  BY: LCD
LAST UPDATED:  05/07/2004  BY: MEG


 05/07/2004 02:39PM MEG* THIS ADDRESS, 1725 LINCOLN RD NE WASHINGTON, DC
20002- 2115, IS BEING CHECKED; MAIL HAS BEEN RETURNED. 01/21/98 05:26PM  MGB
MAIL RTND FROM 1812 11TH ST NE,20002...
CURRENT STATEMENT BALANCE:      0.00
LAST STATEMENT RUN# 101 BALANCE: 0.00 DATE: 05/18/04 DUN LEVEL: 0


Account Status: STANDARD Date: 04/19/2004 Initials: IDX Statement Run #: 100



Open Cases: 0    Closed Cases 0
No cases on file for this account.



INVOICE  ADM/VIS  DISCH    PATIENT    MD      LOC HO  BA  CHARGES FSC BALANCE
1592587  03/24/04 03/24/04 DON WILLIA  B DAVIS  ER  HUH RA    26.00 C2B    0.00
1593567  03/24/04          DON WILLIA  L CAMPB  ER  HUH EMR  137.00 C2B    0.00
1596949  03/24/04          DON WILLIA  L WILLI  ER  HUH RA   230.00 C2B    0.00
                                       TOTAL:          393.00         0.00

>>  INVOICE  ADM/VIS DISCH   PATIENT     MD      LOC HO BA                  BALANCE
    1592587  03/24/04 03/24/04DON WILLIAMS  B DAVIS   ER  HUHRA             0.00

    POSTED   SERVICE    DESCRIPTION                PAYMENTS  ADJUST  CHARGES FSC  BATCH
1)  04/09/04 03/24/04 72050X-RAY EXAM OF NECK SPINE - 72050[26] (1) RVU: 1.38    26.00  C2BA 39314
2)  05/07/04        70  CHANGE FSC (INVOICE)  FROM S TO C2BA  CLM:N
                        PCS-MEG                                                       42195
4)  11/10/05       221  UCI FORM PREPARED 1 RUN:89
5)  07/05/06       223  TRANSFER TO SERVICE CENTER
                        1 RUN:41
6)  12/07/06       421  UCI WRITE-OF                            26.00               142513

    V71.4   OBSERV-ACCIDENT NEC - V71.4
DIVISION: RADIOLOGY
```

10

REF PHYS: MOUNT-VARNER,GEOFFRE
INVOICE FSC LIST: 1

```
>>  INVOICE ADM/VIS DISCH   PATIENT      MD      LOC HO BA                                    BALANCE
    1593567  03/24/04       DON WILLIAMS  L CAMPBE  ER  HUHEMR                                   0.00

    POSTED   SERVICE      DESCRIPTION                      PAYMENTS  ADJUST  CHARGES FSC  BATCH
1)  04/12/04 03/24/04 99283EMERGENCY DEPT VISIT - 99283 (1) RVU: 1.6         137.00  C2BA 39442
2)  05/07/04        70  CHANGE FSC (INVOICE)  FROM S TO C2BA    CLM:N
                        PCS-MEG                                                            42195
4)  11/10/05       221  UCI FORM PREPARED 1 RUN:89
5)  07/05/06       223  TRANSFER TO SERVICE CENTER
                        1 RUN:41
6)  12/07/06       421  UCI WRITE-OF                         137.00                      142513

    923.00  CONTUSION SHOULDER REG - 923.00
    784.0   HEADACHE - 784.0
    E812.0  MV COLLISION NOS-DRIVER - E812.0
DIVISION: EMERGENCY MEDICINE
INVOICE FSC LIST: 1


>>  INVOICE ADM/VIS DISCH   PATIENT      MD      LOC HO BA                                    BALANCE
    1596949  03/24/04       DON WILLIAMS  L WILLIA  ER  HUHRA                                    0.00

    POSTED   SERVICE      DESCRIPTION                      PAYMENTS  ADJUST  CHARGES FSC  BATCH
1)  04/15/04 03/24/04 72125CAT SCAN OF NECK SPINE - 72125[26] (1) RVU: 7.74  230.00  C2BA 39866
2)  05/07/04        70  CHANGE FSC (INVOICE)  FROM S TO C2BA    CLM:N
                        PCS-MEG                                                            42195
4)  11/10/05       221  UCI FORM PREPARED 1 RUN:89
5)  07/05/06       223  TRANSFER TO SERVICE CENTER
                        1 RUN:41
6)  12/07/06       421  UCI WRITE-OF                         230.00                      142513

    V71.4   OBSERV-ACCIDENT NEC - V71.4
    923.03  CONTUSION OF UPPER ARM - 923.03
    E812.0  MV COLLISION NOS-DRIVER - E812.0
DIVISION: RADIOLOGY
REF PHYS: MOUNT-VARNER,GEOFFRE
INVOICE FSC LIST: 1
```

```
-------------------------------------------------------------------------------
HOWARD   UNIVERSITY  HOSPI  TELEPHONE   202-865-3500        SUMMARY PAGE:#   1
2041 GEORGIA AVE. NW          FEI#53-0196961                DATE: 10/11/07
WASHINGTON, D.C. 20060                                      ACCT TYPE: B
-------------------------------------------------------------------------------
PATIENT NAME: *WILLIAMS ,DON              PATIENT NUMBER:     23961865   FC: 2
ADMIT DATE:  03/24/04  DISCHARGE DATE:  03/24/04  BIRTH DATE:  01/16/19 PT: X
-------------------------------------------------------------------------------
GUARANTOR: WILLIAMS             DON      |ACCOUNT BALANCE:     1898.90
NAME AND : 4213 7TH STREET SE #202       |-------------------------------
ADDRESS  : WASHINGTON          DC  20032 |PATIENT BALANCE:     1898.90
-------------------------------------------------------------------------------
TOTAL CHARGES:     1898.90   INS1:                 INS2:
                             INS3:                 INS4:
-----------------------------TOTAL AMT:------INSURANCE:--------PATIENT:---
    1       RADIOLOGY             449.25          0.00          449.25
    2       CAT SCAN              911.75          0.00          911.75
    3       PHARMACY              100.40          0.00          100.40
    4       CENTRAL SUPPLY          7.50          0.00            7.50
    5       EMERGENCY CARE        430.00          0.00          430.00
```

```
-------------------------------------------------------------------------------
  JP14
```

12

```
--------------------------------------------------------------------------
HOWARD  UNIVERSITY  HOSPITAL        TELEPHONE  202-865-3500        PG#   1
2041 GEORGIA AVE. NW                FEI#53-0196961               DATE: 10/11/07
WASHINGTON, D.C. 20060                                          ACCT TYPE: B
--------------------------------------------------------------------------
PATIENT NAME: *WILLIAMS ,DON            PATIENT NUMBER:    23961865   FC: 2
ADMIT DATE:  03/24/04  DISCHARGE DATE:  03/24/04  BIRTH DATE: 01161952  PT: X
--------------------------------------------------------------------------
GUARANTOR: WILLIAMS            DON     |ACCOUNT BALANCE:      1898.90
NAME AND : 4213 7TH STREET SE #202     ----------------------------------
ADDRESS  : WASHINGTON          DC  20032 |PATIENT BALANCE:      1898.90
--------------------------------------------------------------------------
DATE    QTY   DESCRIPTION       CODE      INS1      INS2      INS3      PT
--------------------------------------------------------------------------
032404   1 SPINE (CERV) MI   872069      0.00      0.00      0.00    217.00
032404   1 CLAVICLE, LT, C   872507      0.00      0.00      0.00    102.00
032404   1 SHOULDER, LT CO   880922      0.00      0.00      0.00    130.25
032404   1 CT SPINE (CERV)  1179803      0.00      0.00      0.00    731.75
032404   1 RECONST 3D,COR,  1180660      0.00      0.00      0.00    180.00
032404   1 INSULIN REGULAR  1511641      0.00      0.00      0.00     16.00
032404   1 PHENERGAN 25MG   1514975      0.00      0.00      0.00     21.10
032404   1 PHENERGAN 25MG   1514975      0.00      0.00      0.00     21.10
032404   1 MORPHINE 2MG IN  1555259      0.00      0.00      0.00     21.10
032404   1 MORPHINE 2MG IN  1555259      0.00      0.00      0.00     21.10
032404   1 IV SET, PRIM UN  1614163      0.00      0.00      0.00      0.00
032404   1 ICE PACK SMALL   1614403      0.00      0.00      0.00      0.00
032404   1 TOURNIQUET       1615301      0.00      0.00      0.00      0.00
032404   1 TRANSPORE TAPE   1616275      0.00      0.00      0.00      7.50
032404   1 TEGADERM 2X3     1617323      0.00      0.00      0.00      0.00
032404   1 SMARTSITE EXT 6  1633429      0.00      0.00      0.00      0.00
032404   1 IV CATH PROTECT  1634229      0.00      0.00      0.00      0.00
032404   1 SLING, ARM  MED  1635564      0.00      0.00      0.00      0.00
032404   1 SALINE,  0.9 IN  1710920      0.00      0.00      0.00      0.00
032404   1 ER VISIT LEVEL   4230033      0.00      0.00      0.00    250.00
032404   1 IV HYDRATION UP  4280376      0.00      0.00      0.00    170.00
032404   1 VENIPUNCTURE     4280400      0.00      0.00      0.00     10.00
```

```
--------------------------------------------------------------------------
JP14
```

13

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DON E. WILLIAMS,  et al.        )
                                    )
        Plaintiffs,         )
                                    )
v.                             ) Civil Action No. 07-CV-0583 RMU
                                    )
                                    )
PERNELL LAMONT SAVAGE     )
                                    )
        Defendants.       )

**PLAINTIFFS' RESPONSES TO DEFENDANT PROGRESSIVE'S DISCOVERY**

      Plaintiffs, by and through counsel, submit their responses, objections, and documents to Defendant Progressive's discovery, as set forth below:

**INTERROGATORIES**

      The Plaintiffs, Don E. Williams, Alleans McQueen, and Fonda Allen, individually, are requested to answer the following Interrogatories propounded by the Defendant, Progressive Insurance Company:

      **GENERAL OBJECTION:** Several of the interrogatories, as further noted below, are objectionable in scope contrary to Rule 26(b)(2)(C) because the defendant Progressive propounded them to all three plaintiffs without having tailored these pattern requests with regard to their differing claims, as if all three had been injured in the underlying personal injury action. Only the plaintiff Don E. Williams was struck and injured in the underlying personal injury action, while plaintiffs Fonda Allen and Alleans McQueen were only onlookers who attempted to be witnesses, but were rejected. The latter two plaintiffs were not involved as victims or otherwise directly in the collision in question and suffered no physical injuries. Therefore, all the interrogatories relating to medical and economic damages should be limited to those suffered

and arms, particularly my left shoulder and upper arm. I was taken to the Emergency Room at

Howard University Hospital by an Emergency Medical Team that came to the site of the

collision. At the ER I was examined and my neck and left shoulder were X-rayed and I was

given pain medicine, including injections and motrin. The pain was great. It did not get better

and within a few days I went to Dr. Levine at the Anacostia Neck and Back Pain Center. He

treated me for a number of weeks thereafter for injuries to my neck and shoulder and back and

arm that did not involve broken or fractured bones but injury to my muscles and tissue. I am

providing to you the medical records from the Anacostia Back and Pain Center and I refer you to

them for the details from the medical perspective. I am obtaining the records from the Howard

ER. All I have at present are the bills which I am providing to you.

**INTERROGATORY NO. 13.** Please describe any complaints of injury or damages,

and any restrictions on your activities, that you contend were caused by the subject occurrence,

from the time of the subject occurrence up to the present time, and specify any such complaints

and/or restrictions that you contend are permanent. Please include in your Answer all facts,

medical tests, medical examinations, or medical findings upon which you rely to support your

contentions, including but not limited to, the duration of such complaints and restrictions.

**ANSWER:** Objection - for the reasons stated this interrogatory does not apply to the

plaintiffs Allen and McQueen, as to them it's irrelevant on its face. As to myself, Don Williams,

for several days I was in intense pain and could not move; very sore; but nothing permanent so

far as I know, although I am not a doctor. The pain lasted for weeks, recurring frequently after I

finished treatment with the frequency diminishing until now, when I have pain in bad weather

and, infrequently, on other occasions.

-9-