IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, et al | * |
| Plaintiffs | * |
| vs. | *   Case No. 1:07-cv-00583 |
| PERNELL LAMONT SAVAGE, et al | * |
| Defendants | * |

**DEFENDANT PROGRESSIVE'S SUPPLEMENTAL MOTION TO DISMISS**

COMES NOW the Defendant, Progressive, by and through undersigned counsel, Michael A. DeSantis, Darragh L. Inman, and Hartel, Kane, DeSantis, MacDonald & Howie, LLP, and pursuant to Fed. R. Civ. P. 12(b)(6) hereby requests that the Court dismiss the Complaint against Defendant Progressive and states as follows:

1. Plaintiff has failed to state a fraud claim because the allegations in the Complaint do nothing more than recount statements made by a claims representative and a Plaintiff's attorney during negotiations to settle a claim. Such allegations do not state a fraud claim because they do not state with particularity what misrepresentation was made or how it could be reasonably relied on. Moreover, Plaintiff's fraud claim seeks damages arising from an alleged bad faith failure to settle an insurance claim, which the District of Columbia refuses to recognize.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

2.  Plaintiffs claims based on the Americans with Disabilities Act must be dismissed with prejudice as to Defendant Progressive because the ADA does not apply to the administration of an insurance policy.

3.  Plaintiffs' Free Exercise Clause and 42 U.S.C. § 1983 claims must be dismissed with prejudice as to Progressive because it is not alleged to have acted under color of state law, and therefore cannot be liable for a § 1983 violation.

4.  Plaintiffs' 42 U.S.C. § 1981 claims must be dismissed because Plaintiffs do not allege racial discrimination.  Title 42 U.S.C. § 1981 claims can only be based on racial discrimination.

5.  Because Plaintiffs have failed to plead any violation of federal rights, their 42 U.S.C. § 1985 claims must be dismissed.

6.  Defendants The District of Columbia, Jennifer Green, and George Bernard and Defendants Pernell Savage and Robert Dykes have filed motions to dismiss that contain arguments that support the dismissal of this case against Defendant Progressive as well.  Defendant Progressive hereby incorporates those motions to dismiss, and memoranda filed in support thereof, as if fully stated herein.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

WHEREFORE, Defendant Progressive respectfully requests that the Court dismiss all counts of this case against it with prejudice.

          Respectfully submitted:

          HARTEL, KANE, DeSANTIS
          MacDONALD & HOWIE, LLP

          _____/S/_____
          Michael A. DeSantis, # 422602
          Darragh L. Inman, # 501582
          11720 Beltsville Drive, Suite 500
          Beltsville, Maryland 20705-3166
          Telephone (301)486-1200
          Facsimile (301)486-0935
          Attorneys for Defendants Savage and Dykes



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205

**STATEMENT OF POINTS AND AUTHORITIES**

1. Please see attached Memorandum of Grounds and Authorities.

2. Fed.R.Civ.P. 12(b)(6)

3. <u>Fennell v. AETNA Life Ins. Co.</u>, 37 F. Supp. 2d. 40 (D.D.C. 1999)

5. <u>Sindram v. Merriwether</u>, 506 F. Supp. 2d 7 (D.D.C. 2007)

6. <u>Santa Fe Independent School District v. Doe</u>, 530 U.S. 290 (2000)

7. <u>Granfield v. Catholic University of America</u>, 530 F.2d 1035 (D.C. Cir. 1976)

8. 42 U.S.C. § 1983

9. 42 U.S.C. § 12131

10. <u>Alexander v. Washington Gas Light Co.</u>, 481 F. Supp. 2d 16 (D.D.C. 2006)

11. 42 U.S.C. § 1981

12. <u>Martinez v. Hazelton Research Animals, Inc.</u>, 430 F. Supp. 186 (D. Md. 1977)

13. <u>Fletcher v. Hook</u>, 446 F.2d 14 (3d Cir. 1971)

14. <u>Lucas v. Kale</u>, 364 F. Supp. 1345 (W.D. Va. 1973)

15. <u>Hercules & Co. v. Shama Restaurant Corp.</u>, 613 A.2d 916 (D.C. 1992)

16. <u>Daisley v. Riggs Bank N.A.</u>, 372 F. Supp. 2d 61 (D.D.C. 2005)

17. <u>Railan v. Katyal</u>, 766 A.2d 998 (D.C. 2001)



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

———

5924 North 15th Street
Arlington, Virginia 22205

18. Watkins v. Pepco Energy Services, Inc., Civ. Action No. 04-2062 (D.D.C. 2005), *available at 2005 U.S. Dist. LEXIS 16930*

19. Gomez v. Wilson, 477 F.2d 411 (D.C. Cir. 1973)

20. Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993)

                                /S/
                              Michael A. DeSantis, # 422602

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2008, by way of electronic filing, a copy of the foregoing was served on:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001

Courtesy Copy:

Hon. Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

                              /S/
                              Michael A. DeSantis



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DON E. WILLIAMS, et al** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| vs. | * | Case No. 1:07-cv-00583 |
| | * | |
| **PERNELL LAMONT SAVAGE**, et al | * | |
| | * | |
| Defendants | * | |

### MEMORANDUM IN SUPPORT OF PROGRESSIVE'S
### SUPPLEMENTAL MOTION TO DISMISS

This action must be dismissed against Progressive because it impermissibly attempts to turn an ordinary dispute over an insurance claim into a federal case. Plaintiffs' attempt to plead fraud against Progressive is based on allegations that implicate nothing more than a dispute over liability arising out of an automobile accident. Such allegations do not state a claim for fraud. Morever, the District of Columbia does not recognize damages arising from an insurance company's failure to settle an insurance claim. Accordingly, the fraud claims against Progressive must be dismissed. The federal claims against Progressive must also be dismissed, because the statutes Plaintiffs rely upon do not target Defendants like Progressive under the allegation of the Complaint.

Defendants Pernell Savage and Robert Dykes and the District of Columbia, Jennifer Green, and George Bernard have filed motions to dismiss on grounds that support the dismissal of



Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205

Defendant Progressive as well.  Progressive hereby incorporates those motions, and memorandums in support thereof, as if fully stated herein.

**I.  Statement of Facts**

On March 24, 2004 Don Williams was driving a friend's car in the District of Columbia.  (Complaint at ¶¶ 15, 18).  Plaintiffs McQueens and Allen were following in a vehicle behind him.  (Complaint at ¶ 21).  As the vehicles approached the intersection of 11th Street and H Street, Don Williams' vehicle entered the intersection and was involved in an accident with a vehicle operated by Pernell Savage. (Complaint at ¶ 22).

As the accident was investigated, Plaintiffs came to believe that the officers and some of the witnesses involved were biased against Plaintiffs, because they were members of alcoholics anonymous.  (Complaint at ¶ 31).  During the investigation the Complaint alleges that Defendant Savage falsely stated that he had a green light at the intersection.  (Complaint at ¶ 33).  Williams was issued a citation for the accident for failure to yield the right of way, which was later dropped.  (Complaint at ¶ 40-41).

Progressive refused to accept liability on behalf of its insured.  (Complaint at ¶ 13).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

**II. Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should be granted when it appears that the plaintiff can prove no set of facts that would entitle him to relief. <u>Wagener v. SBC Pension Benefit Plan</u>, 407 F.3d 395, 401 (D.C. Cir. 2005). Fed.R.Civ.P 12(b)(6) allows the Court to dispose of claims asserting defective legal theories that cannot result in recovery. <u>See e.g.</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1966 (2007). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the Court.'" <u>Twombly</u>, 127 S.Ct. at 1966. Accordingly, Fed.R.Civ.P.12(b)(6) allows the Court to dispose of legally defective cases at the beginning of the action, before money and resources are wasted engaging in discovery regarding legally insufficient claims.

**III. Argument**

    **A. The Complaint Does Not State A Claim Against Progressive for Fraud**

To the extent that the Complaint seeks to recover for fraud,[1] it fails to state such a claim because it alleges nothing

---

1. The Complaint appears to label as "fraud" any statement made with the alleged discriminatory animus against persons in alcoholics anonymous.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

———

5924 North 15th Street
Arlington, Virginia 22205

more than a dispute between a Plaintiff's attorney and an insurance company regarding liability for an automobile accident. This scenario fails to state a fraud claim because it does not plead with particularity facts from which one can conclude that Progressive misrepresented anything to any Plaintiff with an intent to deceive them.

The District of Columbia Court of Appeals has explained, "fraud is never presumed, and a plaintiff alleging it must do so with particularity and must prove it by clear and convincing evidence." Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 923 (D.C. 1992). Fraud must be pled at a high standard in the complaint in order to prevent the routine factual disputes present in all litigation from becoming the subject of fraud claims. Accordingly, "[t]o be entitled to a trial on the merits of a fraud claim, a plaintiff must allege 'such facts as will reveal the existence of all the requisite elements of fraud." Hercules & Co., 613 A.2d at 923. "Allegations in the form of *conclusions* on the part of the pleader as to the *existence of fraud* are insufficient." Hercules & Co., 613 A.2d at 923. (emphasis added).

In order to prove fraud, the Plaintiff must prove by clear and convincing evidence "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of falsity, (4) with the intent to deceive, and (5) action taken by



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

the [plaintiff] in reliance upon the representation, (6) which consequently resulted in provable damages. Railan v. Katyal, 766 A.2d 998, 1009 (D.C. 2001).

Plaintiff Williams fails to state a fraud claim because he does not plead any facts that indicate anything other than a dispute over liability for an auto accident. Progressive's "fraud" is based on statements made by Progressive's claims representative, Mr. Dykes, during a negotiation with Plaintiff's attorney regarding who was at fault for the accident. The Complaint alleges that Dykes "upon being shown the deception that had been practiced by the insured of his company . . . knowingly decided to participate in the deception and discrimination." (See Complaint at 14). The Complaint continues:

> "Plaintiff Williams also, though counsel, contacted the adjuster of the carrier for the striking driver, the defendant Dykes, who indicated when fully informed of the facts that he really didn't care if his insured had lied . . . "

Complaint at ¶ 58.

There is no allegation that Savage ever admitted to Dykes that he was being untruthful. The only allegation is that after Plaintiff's *counsel* argued the facts of the case to Dykes, Dykes indicated that he "really didn't care if his insured had lied . . . " (Complaint at ¶ 58). This allegation does not state a



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-5-

fraud claim against Progressive because the statement reflects Progressive's position, at the conclusion of negotiations with the Plaintiff's attorney, that Progressive was not altering its position on liability.  Such a statement is not a misrepresentation and is not made with an intent to deceive the Plaintiff.  It is simply made to convey Progressive's position regarding who was at fault for the accident.  Were this to constitute fraud, it would be present in nearly ever auto tort case.

Plaintiffs could not have relied upon Dykes' statement because it took place during settlement negotiations. Progressive's position that it accepted its insured's version of the accident over Plaintiff's did not misrepresent a fact.  It accurately states that Progressive is not paying the Plaintiff's claim, serving as notice that the Plaintiff should bring an auto tort suit against the insured if he wishes to continue to pursue the matter.  Progressive's negotiations with Plaintiffs' counsel do not form the basis of a valid fraud claim.

The fraud claims also fail because they fail to allege damages.  The failure to allege damages arising from the alleged fraud is particularly apparent in the claims brought by Plaintiffs McQueen and Allen.  Plaintiffs McQueen and Allen were not physically or financially harmed by the accident, which they merely witnessed.  Accordingly, they have clearly failed to



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205

state fraud claims because they do not state what "the claimant lost as a consequence of the fraud." <u>Daisley v. Riggs Bank N.A.</u>, 372 F. Supp. 2d 61, 78 (D.D.C. 2005). Absent such a statement indicating that the allege misrepresentation damaged Plaintiffs McQueen and Allen in some "provable" manner, their fraud claims must be dismissed. <u>See</u> <u>Railan v. Katyal</u>, 766 A.2d 998, 1010 (D.C. 2001)(explaining that action taken in reliance on fraud must "consequently result[] in provable damages"). To the extent that Plaintiffs McQueen and Allen claim that they have been denied an opportunity to participate in the insurance investigation, that deprivation has already been remedied by their participation in the present lawsuit. Accordingly, Plaintiffs McQueen and Allen have both failed to state fraud claims against Progressive.

Plaintiff Williams' fraud claims against Progressive also fail to state damages. The only alleged right that William's alleges was damaged was his right to bring his auto tort claim. The fact that he continues to bring this claim in this action indicates that Progressive's conduct during settlement negotiations did not damage his right to pursue his claim.

Plaintiffs fraud claims seek recovery for "damages" that the District of Columbia does not recognize. District of Columbia law does not recognize tort damages based on the investigation and settlement of insurance claims, even in the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-7-

context of bad faith refusals to pay benefits. <u>See</u> <u>Fireman's Fund Ins. Co. v. CTIA</u>, 480 F. Supp. 2d 7, 8(D.D.C. 2007); <u>Brand v. GEICO</u>, Civ. Action No. 04-01133 (D.D.C. 2005), *available at 2005 U.S. Dist. LEXIS 44787* at * 11.  The fraud claims in the Complaint must be dismissed because in essence they attempt to bring a bad faith insurance claim against Progressive.  The basic premise of the claim against Progressive is that it failed to settle the claim upon "learning" of its insured's liability. This type of claim seeks damages for a bad faith failure to settle an insurance claim, which are not recoverable under D.C. law.  <u>See</u> <u>Fireman's Fund Ins. Co.</u>, 480 F. Supp. 2d at 8. Williams' remedy for vindicating his property interest in his insurance claim is to bring an auto tort claim against the insured, which he has done in this action.  He is not entitled to anything further as a result of Progressive refusing to pay his claim.  Accordingly, the fraud claims in this action must be dismissed because they impermissibly attempts to recover damages on a bad faith insurance settlement theory.

**B.   ADA Claims Against Progressive Must Be Dismissed**.

Plaintiffs' do not state Americans with Disabilities Act claims against Defendants Savage and Dykes because ADA claims cannot be brought against individuals.  Title I of the ADA only applies to employers.  <u>See</u> <u>Fennell v. AETNA Life Ins. Co.</u>, 37 F. Supp. 2d. 40, 44 (D.D.C. 1999).  Plaintiffs do not contend that



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-8-

Progressive employed them. Title II of the ADA applies to public entities, not private corporations like Progressive. See Sindram v. Merriwether, 506 F. Supp. 2d 7, 11-12 (D.D.C. 2007); 42 U.S.C. § 12131. Accordingly, the first two Titles of the ADA do not apply to Progressive.

Title III of the ADA only apples to entities that "operate a place of public accommodation." Fennell, 37 F. Supp. 2d at 44. Progressive, a provider of insurance, does not operate a public accommodation. Fennell, 37 F. Supp. 2d at 44. Title III of the ADA is expressly limited to public accommodations, "not goods or services" such as insurance. See Fennell, 37 F. Supp. 2d. at 44. In determining that the administration of an employee benefits plan was not subject to ADA regulation, the Court in Fennell stated:

> A plain reading of the statute indicates an intent by Congress to prohibit discrimination, based on physical disability, in *places* that accommodate. An employment disability benefits plan does not constitute a place."

See Fennell, 37 F. Supp. 2d. at 44.

Accordingly, Plaintiffs' ADA claims that Progressive interfered with their ability to file an insurance claim, or participate in its investigation, fail because Defendant



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

———

5924 North 15th Street
Arlington, Virginia 22205

Progressive is not the type of Defendant that is regulated by the ADA under the circumstances pled in the Complaint.

### C. Free Exercise Claims Cannot Be Brought Against Progressive

Plaintiffs cannot bring Free Exercise claims against Progressive because the Free Exercise clause of the First Amendment prevents *State* interference with the free exercise of religious beliefs. "The Religion Clauses of the First Amendment prevent the government from making any law respecting the establishment of religion or the free exercise thereof." Santa Fe Independent School District v. Doe, 530 U.S. 290, 313 (2000). The United States Court of Appeals for the District of Columbia has explained:

> The Free Exercise Clause is written in terms of what the government cannot do to the individual. The first amendment's proscription becomes specifically applicable when *government* attempts by law or other means to affect the freedom of those within a particular religious creed.

Granfield v. Catholic University of America, 530 F.2d 1035, 1046 (D.C. Cir. 1976)(emphasis added).

The First Amendment is not directed towards private entities like Progressive. Moreover, the Complaint does not allege that Progressive was vested with governmental authority. Accordingly, the Free Exercise Claims against Progressive must be dismissed with prejudice.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

> **D. Plaintiffs Cannot Bring 42 U.S.C. § 1983 Claims Against Progressive Because it Was Not Acting Under Color of State Law.**

Progressive is not a proper party to a Title 42 U.S.C. § 1983 claim because it is not a state actor and the Complaint does not allege that it was "acting under color of state law." "An individual alleging a violation of Section 1983 must demonstrate that the alleged deprivation of constitutional rights was committed by a person or entity acting under color of state law." Alexander v. Washington Gas Light Co., 481 F. Supp. 2d 16, 27-28 (D.D.C. 2006). Because the Complaint does not contend that the State "formulated, or is in any way responsible for" the actions of Progressive, all § 1983 claims against it must be dismissed. See Alexander, 481 F. Supp. 2d at 27-28.

> **E. Plaintiffs' 42 U.S.C. § 1981 Claims Fail Because They Have Not Alleged Racial Discrimination.**

As the District of Columbia has demonstrated in its motion to dismiss, Plaintiffs Title 42 U.S.C. § 1981 claims fail because they have alleged discrimination based on their membership in Alcoholics Anonymous rather than race. Section 1981 only provides a remedy for racial discrimination. See Martinez v. Hazelton Research Animals, Inc., 430 F. Supp. 186 (D. Md. 1977). Because Plaintiffs do not allege racial discrimination in their Complaint, their 42 U.S.C. § 1981 claims must be dismissed.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-11-

**F. Plaintiffs Fail to State 42 U.S.C. § 1985 Claims Because They Have Not Stated an Underlying Violation of Federal Rights.**

As demonstrated by the District of Columbia in its motion to dismiss, Plaintiffs fail to state a 42 U.S.C. § 1985 claim because they have not stated an underlying deprivation of federal rights. See Alexander v. Washington Gas Light Company, 481 F. Supp. 2d 16, 31 (D.D.C. 2006). Furthermore, Plaintiffs do not allege specific facts regarding how Defendant Progressive conspired with other Defendants to deprive Plaintiffs of their rights. Conclusory claims of conspiracy are insufficient to state a claim under § 1985. See e.g. Fletcher v. Hook, 446 F.2d 14, 15 (3d Cir. 1971); Lucas v. Kale, 364 F. Supp. 1345, 1347 (W.D. Va. 1973). Accordingly, Plaintiffs § 1985 claims must be dismissed.

**IV. Conclusion**

For the reasons stated in the motions to dismiss filed by the District of Columbia and Defendants Savage and Dykes, which are incorporated herein, as well as the reasons stated in this memorandum, Defendant Progressive asserts that this complaint must be dismissed against it in its entirety.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

```
                              Respectfully submitted:

                              HARTEL, KANE, DeSANTIS
                              MacDONALD & HOWIE, LLP


                                            /S/
                              Michael A. DeSantis, # 422602
                              Darragh L. Inman, # 501582
                              11720 Beltsville Drive, Suite 500
                              Beltsville, Maryland 20705-3166
                              Telephone (301)486-1200
                              Facsimile (301)486-0935
```

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2008, by way of electronic filing, a copy of the foregoing was served on:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001

**Courtesy Copy**:

Hon. Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

```
                                            /S/
                              Michael A. Desantis
```

HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

E:\MAD\Williams v. Savage\PLEADINGS\Memorandum in Support of Progressive's Supplemental Motion to Dismiss.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DON E. WILLIAMS**, et al | * |
| | * |
| Plaintiffs | * |
| | * |
| vs. | *   Case No. 1:07-cv-00583 |
| | * |
| **PERNELL LAMONT SAVAGE**, et al | * |
| | * |
| Defendants | * |

**ORDER**

_____Upon consideration of Defendant Progressive's Motion to Dismiss, and Supplemental Motion to Dismiss, and any opposition thereto, it is this _____day of _____, 2008, **ORDERED:**

That the Complaint is dismissed as to Progressive with prejudice in its entirety.

_____
Judge Ricardo M. Urbina
United States District Court
for the District of Columbia

cc:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C.  20001

Michael A. DeSantis, Esquire
Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
11720 Beltsville Dr., Suite 500
Beltsville, Md 20705

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
_____

5924 North 15th Street
Arlington, Virginia 22205