IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al   *
         *
    Plaintiffs   *
         *
   vs.       *   Case No. 1:07-cv-00583
         *
PERNELL LAMONT SAVAGE, et al   *
         *
    Defendants   *

## DEFENDANT PROGRESSIVE'S MOTION FOR LEAVE TO FILE AMENDED 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SECOND 12(b)(6) MOTION

COMES NOW the Defendant, Progressive, by and through undersigned counsel, Michael A. DeSantis, Darragh L. Inman, and Hartel, Kane, DeSantis, MacDonald & Howie, LLP, and hereby requests that the Court grant Progressive leave to file an amended motion to dismiss, or in the alternative, grant leave to file a second 12(b)(6) motion, and states as follows:

1.  The Court should allow the filing of Progressive's amended motion to dismiss because the motion will expedite the resolution of this case without unfairly prejudicing any of the parties.  Federal courts in the District of Columbia have heard amended motions to dismiss in the past.  See Herbert v. National Academy of Sciences, 974 F.2d 192, 195, 200 (D.C. Cir. 1992); Erby v. United States, 424 F. Supp. 2d 180, 182 n. 3 (D.D.C. 2006); but see Albany Insurance Co. v. Almacenadora Somex, 5 F.3d 907, 911 (5th Cir. 1993).  As a practical matter, accepting the amended motion dismiss will expedite this case and will not



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

prejudice the Plaintiffs.  Progressive's amended motion simply seeks to adopt the arguments made by its co-defendants.  The Court must address these arguments regardless of whether or not the amended motion is accepted.  Moreover, because Progressive has not waived its right to make failure to state a claim arguments at later times during the litigation, refusing to allow Progressive to adopt these arguments now will only delay the inevitable.  Allowing Progressive to clearly state that it is adopting the arguments made by its co-defendants is in the interest of judicial economy.  If Progressive is not allowed to amend its motion to dismiss, both the Court and Plaintiff will be forced to respond to arguments that are before it now at a later time, when a Rule 12(c) motion for judgment on the pleadings can be filed.

2.  Progressive quickly filed its answer and initial motion to dismiss based on the docket entry in the Court's computer system that indicated that the Complaint had been filed after three years, outside of any conceivable statute of limitations. Progressive had limited time to act to preserve its defenses. The Complaint was forwarded to counsel on August 10, 2007; three days before a responsive pleading was due.  Observing that the Complaint appeared to have been filed more than three years after the incident had occurred, Progressive quickly answered



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-2-

the Complaint, preserving statute of limitations and failure to state a claim defenses.

3.    The landscape of the case changed when Plaintiff submitted his date stamped copy of the complaint, indicating that the complaint may have been received on March 26, 2007, within three years of the time of the accident.  Progressive was then faced with a more complex dismissal posture.  An amended motion to dismiss therefore became necessary.

4.    Amended motions to dismiss have been accepted by United States District for the District of Columbia.  See Erby v. United States of America, 424 F. Supp. 2d 180, 182 (D.D.C. 2006); T Street Dev., LLC v. Dereje & Dereje, CA. No. 05-524 (GK), *available at 2005 U.S. Dist. LEXIS 38713* (D.D.C. 2005) *at * 1.*  Although the basis for accepting such motions is not expressly stated, amended motions to dismiss appear proper because as a practical matter, allowing amendment or additional Rule 12(b)(6) pleadings often furthers judicial economy.  In this case, accepting an amended or second motion to dismiss is tantamount to the same thing; accepting a motion in which Progressive adopts its co-defendants arguments for dismissal as its own.  Moreover, the reasons Courts accept subsequent 12(b)(6) motions should apply equally to accepting amended motions to dismiss.  Either way a new motion is allowed to be filed that differs, to some degree, from the original motion.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

It is accepted because allowing it at an early point in the litigation is preferable to requiring the litigant to file a Rule 12(c) motion later in the case.

5.   Courts have allowed subsequent 12(b)(6)[1] motions when the motion did not threaten unnecessary delay or restate arguments that had already been ruled upon.  <u>Lindsey v. United States</u>, 448 F. Supp. 2d 37, 54-56 (D.D.C. 2006) (<u>citing</u> <u>Stoffels v. SBC Communications</u>, 430 F. Supp. 2d 642 (W.D. Tex. 2006)); <u>see also</u> <u>DSMC, Inc. v. Convera Corp.</u>, 273 F. Supp. 2d 14, 23 (D.D.C. 2002)).  When, as here, a previously filed motion to dismiss is still pending, there can be little delay in allowing the filing of a second motion, especially when the motion "abandoned a bad argument for a better one."  <u>Lindsey</u>, 448 F. Supp. 2d at 56 (<u>citing</u> <u>Stoffels</u>, 430 F. Supp. 2d at 648).  One court has explained:

> Because the 12(b)(6) defense is so basic that it cannot be waived . . . the Court might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite the disposition of the case on the merits.

<u>Lindsey</u>, 448 F. Supp. 2d at 56 (<u>citing</u> <u>Stoffels</u>, 430 F. Supp. 2d at 648-49).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

1.   A statute of limitations defense is brought as a 12(b)(6) motion.  <u>Gordon v. National Youth Work Alliance</u>, 675 F.2d 356 (D.C. Cir. 1982).

Progressive has not delayed in this case. It simply waited for related defendants, Mr. Savage and Mr. Dykes, to be served before contemplated its next step in the litigation in light of Plaintiffs' date stamped copy of the Complaint.

7. Accepting Progressive's amended motion to dismiss will actually expedite, rather than delay, the resolution of this case. Progressive's amended motion makes arguments made by other Defendants, which are already before the Court, applicable to Progressive as well. If Progressive is prohibited from making these arguments at this time, it will make them as part of a Rule 12(c) motion for judgment on the pleadings. <u>Lindsey</u>, 448 F. Supp. 2d at 56. Allowing the filing of the amended motion to dismiss does not impose the risk of piecemeal litigation. <u>See</u> <u>Seretse-Khama v. Ashcroft</u>, 215 F. Supp. 2d 37, 41, n.8 (D.D.C. 2002)(noting that Rule 12 "was designed to prevent the kind a piecemeal litigation at issue here"). Instead, it prevents piecemeal litigation by allowing one comprehensive determination of the merits the combined motions to dismiss of the parties. Accordingly, it prevents Progressive from having to simply rehash arguments that have already been ruled upon in a Fed.R.Civ.P. 12 (c) motion once the pleadings close.

WHEREFORE, Defendant Progressive respectfully requests that the Court allow it to amend its motion to dismiss, or in the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

alternative, grant it leave to file a second Rule 12(b)(6) motion to dismiss.

Respectfully submitted:

HARTEL, KANE, DeSANTIS
MacDONALD & HOWIE, LLP

_____/S/_____
Michael A. DeSantis, # 422602
Darragh L. Inman, # 501582
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705-3166
Telephone (301)486-1200
Facsimile (301)486-0935
Attorneys for Progressive

## LOCAL RULE 7 CERTIFICATION

On January 25, 2008, counsel for the Plaintiffs was contacted by phone about this motion, but did not consent to it at that time. Counsel for Plaintiffs was contacted by e-mail on the morning of January 29, 2008 to confirm that Plaintiffs did not consent to the relief sought in this motion. Plaintiffs counsel did not reply indicating that he consented to the relief sought. On January 29, 2008 undersigned counsel attempted to contact counsel for the District of Columbia by telephone to obtain consent for this motion, but was unable to contact him.

_____/S/_____
Darragh L. Inman, # 501582



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-6-

## STATEMENT OF POINTS AND AUTHORITIES

1.  Fed.R.Civ.P. 12

2.* Lindsey v. United States, 448 F. Supp. 2d 37, 54-56 (D.D.C. 2006)

3.  Stoffels v. SBC Communications, 430 F. Supp. 2d 642 (W.D. Tex. 2006)

4.  DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14 (D.D.C. 2002)

5.  Seretse-Khama v. Ashcroft, 215 F. Supp. 2d 37, 41, n.8 ( D.D.C. 2002)

                              _____/S/_____
                              Michael A. DeSantis, # 422602



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January ,
2008, by way of electronic filing, a copy of the foregoing was
served on:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303


Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C.  20001

**Courtesy Copy:**

Hon. Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001




HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935


5924 North 15th Street
Arlington, Virginia 22205


                          /s/
_____
              Michael A. DeSantis


-8-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al          *
                                *
          Plaintiffs            *
                                *
     vs.                        *     Case No. 1:07-cv-00583
                                *
PERNELL LAMONT SAVAGE, et al    *
                                *
          Defendants            *

### ORDER

Upon consideration of Defendant Progressive's Motion for Leave to File Amended Rule 12(b)(6) Motion to Dismiss or, in the Alternative, for Leave to File Second Rule 12(b)(6) motion, and any opposition thereto, it is this _____day of _____, 2008, **ORDERED**:

That the motion BE and hereby IS GRANTED;

That the Amended Motion to Dismiss Attached as Exhibit A is accepted for filing.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

_____

Judge Ricardo M. Urbina
United States District Court
for the District of Columbia

-9-

cc:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C.   20001

Michael A. DeSantis
Hartel, Kane, DeSantis,
 MacDonald & Howie, LLP
11720 Beltsville Dr.
Suite 500
Beltsville, Md 20705



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

─────────

5924 North 15th Street
Arlington, Virginia 22205

-10-

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al          *
                                *
        Plaintiffs              *
                                *
    vs.                         *       Case No. 1:07-cv-00583
                                *
PERNELL LAMONT SAVAGE, et al    *
                                *
        Defendants              *

## PROGRESSIVE'S AMENDED MOTION TO DISMISS

COMES NOW the Defendant, Progressive, by and through undersigned counsel, Michael A. DeSantis, Darragh L. Inman, and Hartel, Kane, DeSantis, MacDonald & Howie, LLP, and hereby requests that the Court dismiss Plaintiffs' Complaint as to Progressive, and states as follows:

1.  Plaintiffs' claims based on the Americans with Disabilities Act must be dismissed with prejudice as to Defendant Progressive because the ADA does not apply to the administration of an insurance policy.

2.  Plaintiffs' Free Exercise Clause and 42 U.S.C. § 1983 claims must be dismissed with prejudice as to Progressive because it is not alleged to have acted under color of state law, and therefore cannot be liable for a § 1983 violation.

3.  Plaintiffs' 42 U.S.C. § 1981 claims must be dismissed because Plaintiffs do not allege racial discrimination. Title 42 U.S.C. § 1981 claims can only be based on racial discrimination.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

4.  Because Plaintiffs have failed to plead any violation of federal rights, their 42 U.S.C. § 1985 claims must be dismissed.

5.  Defendants the District of Columbia, Jennifer Green, and George Bernard and Defendants Pernell Savage and Robert Dykes have filed motions to dismiss that contain arguments that support the dismissal of this case against Defendant Progressive as well.  Defendant Progressive hereby incorporates those motions to dismiss, and memoranda filed in support thereof, as if fully stated herein.

WHEREFORE, Defendant Progressive respectfully requests that the Court dismiss all counts of this case against it with prejudice.

Respectfully submitted:

HARTEL, KANE, DeSANTIS
MacDONALD & HOWIE, LLP


_____/S/_____
Michael A. DeSantis, # 422602
Darragh L. Inman, # 501582
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705-3166
Telephone (301)486-1200
Facsimile (301)486-0935
Attorneys for Defendant
Progressive

HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

-2-

## STATEMENT OF POINTS AND AUTHORITIES

1.  Please see attached Memorandum of Grounds and Authorities.

2.  Fed.R.Civ.P. 12(b)(6)

3.  <u>Fennell v. AETNA Life Ins. Co.</u>, 37 F. Supp. 2d. 40 (D.D.C. 1999)

5.  <u>Sindram v. Merriwether</u>, 506 F. Supp. 2d 7 (D.D.C. 2007)

6.  <u>Santa Fe Independent School District v. Doe</u>, 530 U.S. 290 (2000)

7.  <u>Granfield v. Catholic University of America</u>, 530 F.2d 1035 (D.C. Cir. 1976)

8.  42 U.S.C. § 1983

9.  42 U.S.C. § 12131

10.  <u>Alexander v. Washington Gas Light Co.</u>, 481 F. Supp. 2d 16 (D.D.C. 2006)

11.  42 U.S.C. § 1981

12.  <u>Martinez v. Hazelton Research Animals, Inc.</u>, 430 F. Supp. 186 (D. Md. 1977)

13.  <u>Fletcher v. Hook</u>, 446 F.2d 14 (3d Cir. 1971)

14.  <u>Lucas v. Kale</u>, 364 F. Supp. 1345 (W.D. Va. 1973)

15.  <u>Hercules & Co. v. Shama Restaurant Corp.</u>, 613 A.2d 916 (D.C. 1992)

16.  <u>Daisley v. Riggs Bank N.A.</u>, 372 F. Supp. 2d 61 (D.D.C. 2005)

17.  <u>Railan v. Katyal</u>, 766 A.2d 998 (D.C. 2001)



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

18. <u>Watkins v. Pepco Energy Services, Inc.</u>, Civ. Action No. 04-2062 (D.D.C. 2005), *available at 2005 U.S. Dist. LEXIS 16930*

19. <u>Gomez v. Wilson</u>, 477 F.2d 411 (D.C. Cir. 1973)

20. <u>Rosenboro v. Kim</u>, 994 F.2d 13, 17 (D.C. Cir. 1993)

<pre>
                          _____/S/_____
                          Michael A. DeSantis, # 422602
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2008, by way of electronic filing, a copy of the foregoing was served on:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303


Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001

Courtesy Copy:

Hon. Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

<pre>
                          _____/S/_____
                          Michael A. DeSantis
</pre>



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al          *
                                *
          Plaintiffs            *
                                *
     vs.                        *     Case No. 1:07-cv-00583
                                *
PERNELL LAMONT SAVAGE, et al    *
                                *
          Defendants            *

### MEMORANDUM IN SUPPORT OF PROGRESSIVE'S AMENDED MOTION TO DISMISS

This action must be dismissed against Progressive because it impermissibly attempts to turn an ordinary dispute over an insurance claim into a federal case. Plaintiffs' attempt to plead fraud against Progressive is based on allegations that implicate nothing more than a dispute over liability arising out of an automobile accident. Such allegations do not state a claim for fraud. Morever, the District of Columbia does not recognize damages arising from an insurance company's failure to settle an insurance claim. Accordingly, the fraud claims against Progressive must be dismissed. The federal claims against Progressive must also be dismissed, because the statutes Plaintiffs rely upon do not target Defendants like Progressive based on the allegations of the Complaint.

Defendants Pernell Savage and Robert Dykes and the District of Columbia, Jennifer Green, and George Bernard have filed motions to dismiss on grounds that support the dismissal of



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Defendant Progressive as well.  Progressive hereby incorporates those motions, and memorandums in support thereof, as if fully stated herein.

## I.  Statement of Facts

On March 24, 2004 Don Williams was driving a friend's car in the District of Columbia.  (Complaint at ¶¶ 15, 18).  Plaintiffs McQueens and Allen were following in a vehicle behind him.  (Complaint at ¶ 21).  As the vehicles approached the intersection of 11th Street and H Street, Don Williams' vehicle entered the intersection and was involved in an accident with a vehicle operated by Pernell Savage.  (Complaint at ¶ 22).

As the accident was investigated, Plaintiffs came to believe that the officers and some of the witnesses involved were biased against Plaintiffs, because they were members of alcoholics anonymous.  (Complaint at ¶ 31).  During the investigation, the Complaint alleges that Defendant Savage falsely stated that he had a green light at the intersection. (Complaint at ¶ 33).  Williams was issued a citation for the accident for failure to yield the right of way, which was later dropped.  (Complaint at ¶ 40-41).

Progressive refused to accept liability on behalf of its insured.  (Complaint at ¶ 13).



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

## II.  Motion to Dismiss Standard

A motion to dismiss for failure to state a claim should be granted when it appears that the plaintiff can prove no set of facts that would entitle him to relief.  <u>Wagener v. SBC Pension Benefit Plan</u>, 407 F.3d 395, 401 (D.C. Cir. 2005).  Fed.R.Civ.P 12(b)(6) allows the Court to dispose of claims asserting defective legal theories that cannot result in recovery.  <u>See e.g.</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1966 (2007).  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the Court.'"  <u>Twombly</u>, 127 S.Ct. at 1966.  Accordingly, Fed.R.Civ.P.12(b)(6) allows the Court to dispose of legally defective cases at the beginning of the action, before money and resources are wasted engaging in discovery regarding legally insufficient claims.

## III.  Argument

### A.  The Complaint Does Not State A Claim Against Progressive for Fraud

To the extent that the Complaint seeks to recover for fraud,[1] it fails to state such a claim because it alleges nothing



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

1.  The Complaint appears to label as "fraud" any statement made with the alleged discriminatory animus against persons in alcoholics anonymous.

-3-

more than a dispute between a Plaintiff's attorney and an insurance company regarding liability for an automobile accident.  This scenario fails to state a fraud claim because it does not plead with particularity facts from which one can conclude that Progressive misrepresented anything to any Plaintiff with an intent to deceive them.

The District of Columbia Court of Appeals has explained, "fraud is never presumed, and a plaintiff alleging it must do so with particularity and must prove it by clear and convincing evidence." Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 923 (D.C. 1992).  Fraud must be pled at a high standard in the complaint in order to prevent the routine factual disputes present in all litigation from becoming the subject of fraud claims.  Accordingly, "[t]o be entitled to a trial on the merits of a fraud claim, a plaintiff must allege 'such facts as will reveal the existence of all the requisite elements of fraud." Hercules & Co., 613 A.2d at 923.  "Allegations in the form of *conclusions* on the part of the pleader as to the *existence of fraud* are insufficient." Hercules & Co., 613 A.2d at 923. (emphasis added).

In order to prove fraud, the Plaintiff must prove by clear and convincing evidence "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of falsity, (4) with the intent to deceive, and (5) action taken by



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-4-

the [plaintiff] in reliance upon the representation, (6) which
consequently resulted in provable damages. <u>Railan v. Katyal</u>,
766 A.2d 998, 1009 (D.C. 2001).

Plaintiff Williams fails to state a fraud claim because he
does not plead any facts that indicate anything other than a
dispute over liability for an auto accident.  Progressive's
"fraud" is based on statements made by Progressive's claims
representative, Mr. Dykes, during a negotiation with Plaintiff's
attorney regarding who was at fault for the accident.  The
Complaint alleges that Dykes "upon being shown the deception
that had been practiced by the insured of his company . . .
knowingly decided to participate in the deception and
discrimination."  (<u>See</u> Complaint at 14).  The Complaint
continues:

> "Plaintiff Williams also, though counsel,
> contacted the adjuster of the carrier for
> the striking driver, the defendant Dykes,
> who indicated when fully informed of the
> facts that he really didn't care if his
> insured had lied . . . "

Complaint at ¶ 58.

There is no allegation that Savage ever admitted to Dykes
that he was being untruthful.  The only allegation is that after
Plaintiff's *counsel* argued the facts of the case to Dykes, Dykes
indicated that he "really didn't care if his insured had lied .
. . " (Complaint at ¶ 58).  This allegation does not state a



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-5-

fraud claim against Progressive because the statement reflects Progressive's position, at the conclusion of negotiations with the Plaintiff's attorney, that Progressive was not altering its position on liability. Such a statement is not a misrepresentation and is not made with an intent to deceive the Plaintiff. It is simply made to convey Progressive's position regarding who was at fault for the accident. Were this to constitute fraud, it would be present in nearly ever auto tort case.

Plaintiffs could not have relied upon Dykes' statement because it took place during settlement negotiations. Progressive's position that it accepted its insured's version of the accident over Plaintiff's did not misrepresent a fact. It accurately stated that Progressive was not paying the Plaintiff's claim, serving as notice that the Plaintiff should bring an auto tort suit against the insured if he wished to continue to pursue the matter. Progressive's negotiations with Plaintiffs' counsel do not form the basis of a valid fraud claim.

The fraud claims also fail to allege damages sufficient to support a claim. The failure to allege damages arising from the alleged fraud is particularly apparent in the claims brought by Plaintiffs McQueen and Allen. Plaintiffs McQueen and Allen were not physically or financially harmed by the accident, which they



HARTEL, KANE, DESANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-6-

merely witnessed.  Accordingly, they have clearly failed to state fraud claims because they do not state what "the claimant lost as a consequence of the fraud." <u>Daisley v. Riggs Bank N.A.</u>, 372 F. Supp. 2d 61, 78 (D.D.C. 2005).  Absent such a statement indicating that the allege misrepresentation damaged Plaintiffs McQueen and Allen in some "provable" manner, their fraud claims must be dismissed. <u>See Railan v. Katyal</u>, 766 A.2d 998, 1010 (D.C. 2001)(explaining that action taken in reliance on fraud must "consequently result[] in provable damages").  To the extent that Plaintiffs McQueen and Allen claim that they have been denied an opportunity to participate in the insurance investigation, that deprivation has already been remedied by their participation in the present lawsuit.  Accordingly, Plaintiffs McQueen and Allen have both failed to state fraud claims against Progressive.

Plaintiff Williams' fraud claims against Progressive also fail to state damages.  The only alleged right that William's alleges was damaged was his right to bring his auto tort claim. The fact that he continues to bring this claim in this action indicates that Progressive's conduct during settlement negotiations did not damage his right to pursue his claim.

Plaintiffs fraud claims seek recovery for "damages" that the District of Columbia does not recognize.  District of Columbia law does not recognize tort damages based on the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-7-

investigation and settlement of insurance claims, even in the context of bad faith refusals to pay benefits. See <u>Fireman's Fund Ins. Co. v. CTIA</u>, 480 F. Supp. 2d 7, 8(D.D.C. 2007); <u>Brand v. GEICO</u>, Civ. Action No. 04-01133 (D.D.C. 2005), *available at 2005 U.S. Dist. LEXIS 44787* at * 11. The fraud claims in the Complaint must be dismissed because in essence they attempt to bring a bad faith insurance claim against Progressive. The basic premise of the claim against Progressive is that it failed to settle the claim upon "learning" of its insured's liability. This type of claim seeks damages for a bad faith failure to settle an insurance claim, which are not recoverable under D.C. law. See <u>Fireman's Fund Ins. Co.</u>, 480 F. Supp. 2d at 8. Williams' remedy for vindicating his property interest in his insurance claim is to bring an auto tort claim against the insured, which he has done in this action. He is not entitled to anything further as a result of Progressive refusing to pay his claim. Accordingly, the fraud claims in this action must be dismissed because they impermissibly attempt to recover damages on a bad faith insurance settlement theory.[2]



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

1.  As stated in Progressive's original motion, negligence claims cannot be maintained against Progressive for lack of privity. <u>Sidibe v. Travler's Insurance Co.</u>, 468 F. Supp. 2d 97, 99, 101 (D.D.C. 2006). In a similar context, the United States District Court for the District of Columbia held that a plaintiff could not bring suit against a defendant's insurance carrier "because plaintiff was not a party to the insurance contract between West Auto and Travelers and contracts cannot be enforced by a non party." <u>Id.</u>at 99.

-8-

**B.  ADA Claims Against Progressive Must Be Dismissed.**

Plaintiffs' do not state Americans with Disabilities Act claims against Progressive because Progressive did not employ the Plaintiffs or otherwise engage in activities that would bring it within the scope of the ADA under the facts of the complaint.  See <u>Fennell v. AETNA Life Ins. Co.</u>, 37 F. Supp. 2d. 40, 44 (D.D.C. 1999).  Plaintiffs do not contend that Progressive employed them.  Title II of the ADA applies to public entities, not private corporations like Progressive.  <u>See</u> <u>Sindram v. Merriwether</u>, 506 F. Supp. 2d 7, 11-12 (D.D.C. 2007); 42 U.S.C. § 12131.  Accordingly, the first two Titles of the ADA do not apply to Progressive.

Title III of the ADA only apples to entities that "operate a place of public accommodation." <u>Fennell</u>, 37 F. Supp. 2d at 44.  Progressive, a provider of insurance, does not operate a public accommodation. <u>Fennell</u>, 37 F. Supp. 2d at 44.  Title III of the ADA is expressly limited to public accommodations, "not goods or services" such as insurance.  See <u>Fennell</u>, 37 F. Supp. 2d. at 44.  In determining that the administration of an employee benefits plan was not subject to ADA regulation, the Court in <u>Fennell</u> stated:

> A plain reading of the statute
> indicates an intent by
> Congress to prohibit
> discrimination, based on physical
> disability, in *places* that



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-9-

> accommodate.  An employment
> disability benefits plan does not
> constitute a place."

See Fennell, 37 F. Supp. 2d. at 44.

Accordingly, Plaintiffs' ADA claims that Progressive interfered with their ability to file an insurance claim, or participate in its investigation, fail because Defendant Progressive is not the type of Defendant that is regulated by the ADA under the circumstances pled in the Complaint.

### C.  Free Exercise Claims Cannot Be Brought Against Progressive

Plaintiffs cannot bring Free Exercise claims against Progressive because the Free Exercise clause of the First Amendment prevents *State* interference with the free exercise of religious beliefs.  "The Religion Clauses of the First Amendment prevent the government from making any law respecting the establishment of religion or the free exercise thereof."  Santa Fe Independent School District v. Doe, 530 U.S. 290, 313 (2000). The United States Court of Appeals for the District of Columbia has explained:

> The Free Exercise Clause is written
> in terms of what the government
> cannot do to the individual.  The
> first amendment's proscription
> becomes specifically applicable when
> *government* attempts by law or other
> means to affect the freedom of those
> within a particular religious creed.



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP

Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-10-

<u>Granfield v. Catholic University of America</u>, 530 F.2d 1035, 1046 (D.C. Cir. 1976)(emphasis added).

The First Amendment is not directed towards private entities like Progressive.  Moreover, the Complaint does not allege that Progressive was vested with governmental authority.  Accordingly, the Free Exercise Claims against Progressive must be dismissed with prejudice.

### D.  Plaintiffs Cannot Bring 42 U.S.C. § 1983 Claims Against Progressive Because it Was Not Acting Under Color of State Law.

Progressive is not a proper party to a Title 42 U.S.C. § 1983 claim because it is not a state actor and the Complaint does not allege that it was "acting under color of state law." "An individual alleging a violation of Section 1983 must demonstrate that the alleged deprivation of constitutional rights was committed by a person or entity acting under color of state law."  <u>Alexander v. Washington Gas Light Co.</u>, 481 F. Supp. 2d 16, 27-28 (D.D.C. 2006).  Because the Complaint does not contend that the State "formulated, or is in any way responsible for" the actions of Progressive, all § 1983 claims against it must be dismissed.  <u>See</u> <u>Alexander</u>, 481 F. Supp. 2d at 27-28.

### E.  Plaintiffs' 42 U.S.C. § 1981 Claims Fail Because They Have Not Alleged Racial Discrimination.

As the District of Columbia has demonstrated in its motion to dismiss, Plaintiffs Title 42 U.S.C. § 1981 claims fail



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-11-

because they have alleged discrimination based on their membership in Alcoholics Anonymous rather than race. Section 1981 only provides a remedy for racial discrimination. <u>See</u> <u>Martinez v. Hazelton Research Animals, Inc.</u>, 430 F. Supp. 186 (D. Md. 1977). Because Plaintiffs do not allege racial discrimination in their Complaint, their 42 U.S.C. § 1981 claims must be dismissed.

### F. Plaintiffs Fail to State 42 U.S.C. § 1985 Claims Because They Have Not Stated an Underlying Violation of Federal Rights.

As demonstrated by the District of Columbia in its motion to dismiss, Plaintiffs fail to state a 42 U.S.C. § 1985 claim because they have not stated an underlying deprivation of federal rights. <u>See Alexander v. Washington Gas Light Company</u>, 481 F. Supp. 2d 16, 31 (D.D.C. 2006). Furthermore, Plaintiffs do not allege specific facts regarding how Defendant Progressive conspired with other Defendants to deprive Plaintiffs of their rights. Conclusory claims of conspiracy are insufficient to state a claim under § 1985. <u>See</u> e.g. <u>Fletcher v. Hook</u>, 446 F.2d 14, 15 (3d Cir. 1971); <u>Lucas v. Kale</u>, 364 F. Supp. 1345, 1347 (W.D. Va. 1973). Accordingly, Plaintiffs § 1985 claims must be dismissed.

### IV. Conclusion

For the reasons stated in the motions to dismiss filed by the District of Columbia and Defendants Savage and Dykes, which



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-12-

are incorporated herein, as well as the reasons stated in this memorandum, Defendant Progressive asserts that this complaint must be dismissed against it in its entirety.

Respectfully submitted:

HARTEL, KANE, DeSANTIS
MacDONALD & HOWIE, LLP

_____/S/_____
Michael A. DeSantis, # 422602
Darragh L. Inman, # 501582
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705-3166
Telephone (301)486-1200
Facsimile (301)486-0935



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

_____

5924 North 15th Street
Arlington, Virginia 22205

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on this _29th_ day of _January_____,

2008, by way of electronic filing, a copy of the foregoing was

served on:

> Steven Spiegel, Esquire
> 3917 Keller Ave.
> Alexandria, VA 22303
>
> Carl J. Schifferle
> Assistant Attorney General
> Suite 600S
> 441 Fourth Street, N.W.
> Washington, D.C.  20001

**Courtesy Copy:**

> Hon. Ricardo M. Urbina
> United States District Court
> for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, D.C. 20001

_____/S/_____
Michael A. Desantis

E:\MAD\Williams v. Savage\PLEADINGS\Memorandum in Support of Progressive's Supplemental Motion to Dismiss.wpd

**HK**

HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-14-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DON E. WILLIAMS, et al           *

                                 *

      Plaintiffs              *

                                 *

vs.                              *     Case No. 1:07-cv-00583

                                 *

PERNELL LAMONT SAVAGE, et al     *

                                 *

      Defendants              *

### ORDER

Upon consideration of Defendant Progressive's Amended Motion to Dismiss, and any opposition thereto, it is this _____ day of _____, 2008, **ORDERED**:

That the Complaint is dismissed as to Progressive with prejudice in its entirety.

_____
Judge Ricardo M. Urbina
United States District Court
for the District of Columbia



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

_____

5924 North 15th Street
Arlington, Virginia 22205

cc:

Steven Spiegel, Esquire
3917 Keller Ave.
Alexandria, VA 22303

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001

Michael A. DeSantis, Esquire
Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
11720 Beltsville Dr., Suite 500
Beltsville, Md 20705