IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-CV-0583 RMU |
| ) | |
| ) | |
| PERNELL LAMONT SAVAGE, et al., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' OPPOSITION TO THE MOTION OF THE DEFENDANT
PROGRESSIVE TO BE ALLOWED TO FILE A SECOND MOTION TO DISMISS

Plaintiffs oppose Defendant Progressive's Motion (Dkt. # 31) for Leave to file its rejected Motion to Dismiss (Dkt. # 30). Defendant Progressive has not satisfied the applicable legal standards and its motion should be denied.

Defendant's previous motion to dismiss (Dkt. # 14), did not comply with Federal Rules of Civil Procedure 12(b). On August 13, 2007, defendant Progressive Insurance Company (Progressive), filed its Answer to the Complaint in this case (Dkt. # 11). Rule 12(b) of the Federal Rules of Civil Procedure governs "Defenses" and "How Presented." It sets out seven specific defenses which may be presented by motion. Among these defenses is the "failure to state a claim upon which relief can be granted." Rule 12(b)(6). Rule 12(b) requires that "a motion making any" of the seven enumerated defenses, including failure to state a claim for which relief can be granted, "must be made before pleading if a further [responsive] pleading [such as an answer] is required." See *Aetna Cas. & Sur. Co. v. Circle Equip. Co.*, 377 F.2d 160, 126 U.S. App. D.C.

275 (D.C. Cir.1967).  This is a mandatory requirement. *Mulhall v. District of Columbia*, 746 F. Supp. 15 (D.D.C.1990), aff'd 946 F.2d 1565, 292 U.S. App. D.C. 85.  A number of courts have granted an exception when the defense raised in the motion has already been raised in the responsive pleading that was previously filed. Wright and Miller, Federal Practice and Procedure, 3d Ed. 1361, pp. 93-4, and cases cited n. 7.

    Here the defendant Progressive did not seek leave to come under the exception.  Instead, apparently ignoring this timing requirement, on September 13, 2007, a month later than its Answer, defendant Progressive filed a motion to dismiss the complaint, which it characterized as a Rule 12(b)(6) motion (Dkt. # 14).  As the Court correctly pointed out, however, in its Minute Order of January 17, 2008, the plaintiffs, answered this first motion to dismiss filed by the defendant Progressive without raising the issue of its being out of time.

    Rule 12(g) limits the filing of additional motions once a motion such as that filed by the defendant Progressive on September 13, 2007, has been filed:

> If a party makes a motion under this rule but omits therefrom
> any defense or objection then available to the party which this
> rule permits to be raised by motion, the party shall not
> thereafter make a motion based on the defense or objection so
> omitted, except a motion as provided in subdivision (h)(2)
> hereof on any of the grounds there stated.

We will look at the exceptions noted in this subsection in a minute.  But for now we note that this latest motion to dismiss appears to run afoul not only of the rule about filing such motions after filing an answer, but also of the rule about not repeating dismissal motions instead of putting all of the rationales for dismissal that could have been advanced into the first motion.

In light of this requirement that, with certain exceptions, that all defenses must be presented in a first Rule 12 motion or be waived, we need to look at what the defendant Progressive did in fact put into its first dismissal motion (Dkt. # 14). There we find the following three arguments:

(1) that the filing of the complaint was done outside of the statute of limitations, with this affirmative defense being characterized as being requested pursuant to Rule 12(b)(6);

(2) that Count I of the plaintiffs' complaint, the federal cause of action count which alleges violations of 42 U.S.C. § 1983, states no cause of action against Progressive;

(3) that Count II of the plaintiffs' complaint, a pendant count alleging negligence and insurance fraud and conspiracy to commit the latter, fails to state a cause of action because of a lack of privity of contract.

Of these three defenses, the last two present what are called in the case law facial challenges. That is to say, with regard to defenses (2) and (3), the standard prescription of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), applies. All allegations of the complaint must be taken as true for purposes of deciding the motion and if they make at any case for the plaintiffs, the motion must be denied. Not only must the allegations of the complaint be taken as true for the purpose of deciding the motion, but also all inferences from those allegations that can be drawn in favor of the plaintiffs must be accepted as well. *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C.Cir.2004) (citing *Conley*, 355 U.S. at 45-46). There is no fact called into question which requires the Court to look beyond the complaint for the purposes of deciding these last two of the three arguments made in the September 13, 2007 motion to dismiss.

Turning first to argument (2), there is not much to this argument in the September 13, 2007 motion to dismiss. The motion contains the following paragraph:

> 2. Plaintiffs do not allege facts giving rise to a cause of action against Defendant Progressive, the insurance company of the alleged tortfeasor, co-defendant Savage.

The following paragraph in the motion, on p. 2, speaks of a lack of privity, which would seem to relate only to argument (3) and thus the above paragraph in the motion would appear to be all there is in the motion on this argument. It obviously is so inadequate and incomplete as to be no argument at all. For such argument to have any effect, courts would be required to have to accept naked legal conclusions of defense counsel as true and binding without a shed of support of any kind. Nor is the supporting memorandum of any help in fleshing out this argument. The only paragraph in the two page support memo that could have any relevance to this argument is number 4, which states as follows:

> 4. Count I of Plaintiff's [sic] Complaint asserts no allegations of causes of action against Defendant Progressive.

That's it; that's the entire argument. There is nothing further in the motion or the support memorandum.

Examining Count I of the complaint, including the factual predicate allegations incorporated into it in the standard fashion, we readily see that the statements in the motion to dismiss filed by Progressive on September 13, 2007, and its support memorandum, are misrepresentations of the facts pled in the Complaint. Count I of the complaint itself speaks of all the defendants and does not exclude the defendant Progressive. In fact it speaks specifically of the

4

defendants not employed by the District of Columbia as concerting with those who are employed by the District of Columbia in the conspiracy to deprive the plaintiffs of their federal rights that is alleged.  As we have pointed out before, ¶ 58 identifies and alleges how the defendant Progressive, through its agent, joined in the concerted effort to deprive plaintiffs of their rights as further set out for the defendants collectively in ¶¶ 67-69 and, as regards the defendant Progressive, ¶ 69 specifically again alleges a deprivation by the defendant Savage and his insurance carrier.

Next we look at the subject motion to dismiss as Progressive filed it on January 17, 2008 in Dkt. # 30, which the Court then struck as untimely in its Minute Order of January 17, 2008.  The defendant Progressive entitled Dkt. # 30 a "SUPPLEMENTAL" motion to dismiss.  However, that label does not by itself justify the filing or in any way cure the fact that it is twice out of time in that it is filed after the answer of Progressive had already been filed and also after the defendant Progressive has field a first Rule 12 motion.  It is true, as noted above, that failure to state a claim is set out as an affirmative defense in the answer filed by the defendant Progressive (Doc. 11).  Thus it is the case that the defendant Progressive did not waive the defense of failure to state a claim pursuant to Rule 12(h)(B)(ii) because it did not fail to include the defense in its responsive pleading.  Further, because it is the defense of failure to state a claim, it comes under the exception of Rule 12(h)(2) provided that it is, as a technical matter, filed in a pleading allowed under Rule 7(a), (this, as noted, has already been done) or, at this stage, a motion under Rule 12(c) as a motion for judgment on

the pleadings. However, the technicality just mentioned has not been complied with in this attempt by the defendant Progressive and it argues that it need not comply. It is clear that to grant any of the exceptions that are being sought would be a matter of the Court's discretion and so it becomes a question of whether or not what is sought furthers the overall purpose of the Rules to move the case along, narrow and focus it and avoid unnecessary delays.

To answer the question of whether it should exercise its discretion, the plaintiffs would ask the Court to briefly examine what the defendant Progressive proposes to see if it furthers or hinders those goals. Plaintiffs maintain that it would not further the purposes at this point and is unnecessarily dilatory.

We examine specifically what is in and thus proposed in Dkt. # 30 with the Court's responsibilities in exercising its discretion: Several of the items proposed in that document we have already dealt with in recent filings. Defendant Progressive has taken note of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 200 U.S. 321, 127 S.Ct. 1955 (2007). See Dkt. # 30-2, p. 3. It notes the case to support a statement that "Fed.R.Civ.P. 12(b)(6) allows the Court to dispose of claims asserting defective legal theories that cannot result in recovery." However, defendant Progressive fails to illustrate in any way how the legal theories pled by the plaintiffs are defective. Instead it engages in factual misrepresentations about what is contained or implied in the complaint and indulges itself in abundant defective legal theorizing. This is most evident, as we have pointed out, in the attempt to have the case dismissed by

ignoring the allegations of a concerted effort and focusing only on the defendants Progressive and Savage and Dykes as if the case were against them alone.

That distortion and misrepresentation is extremely evident in the language of paragraph 3 of Dkt. # 30 (p. 2). Clearly plaintiffs do not allege that the defendant Progressive alone violated the Ku Klux Klan Act, but that it did so by concerting with the District of Columbia defendants, who are part of a municipality subject to suit for such violations. We pointed out in our last filing how, in an effort to misrepresent and distract from the correct legal theories being advanced for recovery, defendants ignore landmark decisions such as *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970). This effort to distort the legal theories of the plaintiffs in order to make straw men to be struck down continues in the offering of Dkt. # 30 with the use in the support memorandum, Dkt. # 30-2, p. 10 of the well-known local case of *Granfield v. Catholic University of America*, 530 F.3d 1035, 1046 (D.C. Cir.1976). In that case, the District of Columbia through persons it employs engaged in overt discrimination in which private actors, like the defendant Progressive, joined and joined knowing of the violations of federal rights, including access to the courts and discriminatory acts.[1] Those are the allegations. In *Granfield*, by comparison, what was involved from beginning to end were the actions of a private institution.

In short, this Defendant's additional motion and brief add nothing to the furthering of this case. Attempting to misrepresent the facts of the complaint and distorting its legal theories not only does not further the case, it causes

---

[1] We note that in this jurisdiction, something as arguably remote as access by a prisoner to a law library without being harassed is a protectable right. *Martin v. Ezeagu*, 816 F.Supp. 20 (D.C.D.C.1993).

7

unnecessary distraction and confusion rather than sharpening of the issues. This portion of the motion, dealing with additional material on the alleged failure to state a cause of action as discussed above, should be rejected.

A similar argument can be made with regard to the other main thrust of Dkt. # 30. We speak of ¶ 1 of Dkt. # 30 where it is stated:

> 1. Plaintiff has failed to state a fraud claim because the allegations in the Complaint do nothing more than recount statements made by a claims representative and a Plaintiff's attorney during negotiations to settle a claim. Such allegations do not state a fraud claim because they do not state with particularity what misrepresentation was made or how it could be relied on. Moreover, Plaintiff's fraud claim seeks damages arising from an alleged bad faith failure to settle an insurance claim, which the District of Columbia refuses to recognize.

The defendant Progressive elaborates further upon this argument in its support memorandum. First, we point out that right away we see a pattern of factual misrepresentation of what is in the complaint, accompanied by a distortion and twisting of plaintiff's legal theories.

The very first sentence of the passage just quoted misrepresents the facts of the complaint as alleged. As we have previously pointed out, the fraud is alleged to have been initiated by the insured of the defendant Progressive, the defendant Pernell Lamont Savage. The defendant Progressive then decided to join in on the fraud, rather than correct it as plaintiff maintains he was entitled to have the defendant Progressive do, by processing the plaintiff Williams' claim, rather than refusing to do so by taking the position that it did not care whether the defendant Savage had lied and committed fraud or not, it was not going to entertain any claim by the plaintiff for the damage done him by the defendant Savage's running the red light. As previously pointed out, the initiation of the

fraud by the defendant Savage is alleged in ¶ 55 of the complaint; the defendant Progressive's decision to join in the fraud is alleged in ¶ 58. That the defendant Progressive did this is also alleged in ¶ 13, which introduces the defendant Progressive. Thus we see that the second sentence in the passage just quoted is a misrepresentation as well. The third and final sentence in the passage also is a factual misrepresentation of what is in the complaint. The allegation is not that bad faith failure to settle the plaintiff's claim was a fraud, but rather that the defendant Savage committed a fraud by lying about what happened and inducing the plaintiff's carrier to pay out a settlement to the defendant Savage in reliance upon the defendant Savage's false and fraudulent statements. As we have also previously pointed out, the plaintiff is an insured of the carrier under his friend's coverage just as if he had purchased the insurance on her car himself. Thus he was as deceived as his carrier and the refusal to entertain his own claim damaged him directly as result of the lies and deception by the defendant Savage. So once again we see the twisting of legal theory and consequent misrepresentation of what the complaint alleges and claims.

We next turn to the amplification of these arguments concerning fraud by the defendant Progressive in its proffered memorandum of points and authorities in support of what it wishes the court to accept as an out of time and further motion to dismiss. There too we believe we can show that the Court should not exercise its discretion to allow this filing out of time. Here too we see the technique of twisting and distorting the theories of the complaint in order to then seek to get the Court to apply inapplicable authority to dispose of the plaintiff's

case. The most notable of these attempts to get the court to waste time focusing on the wrong authority, are the ignoring of the fact that the plaintiff Williams, as an authorized guest driver, is a consumer under the District of Columbia Consumer Protection Procedures Act ("CPPA") D. C. Code §§ 28-3901 *et seq.* We have cited the case of *Athridge v. Aetna Casualty & Surety Co.*, 351 F.3d 1166 (D.C.Cir.2003). And in this court see *Athridge v. Aetna Casualty & Surety Co.*, 163 F. Supp.2d 38 (D.D.C.2001). In this support memo the defendant Progressive cites only cases that do not involve consumers and thus do not bring into play the CPPA and its statutory scheme of protection of the consumer. The defendant Progressive only cites cases that involve commercial entities not covered by the CPPA. For example, it cites the case of *Fireman's Fund Ins. Co. v. CTIA*, 480 F.Supp.2d 7 (D.D.C.2007). That is a case which does not in any way involve the CPPA. In fact the CPPA imposes very strict liability upon insurers of motorists, treble damages and counsel fees plus the possibility of additional punitive damages. Some of the cases cited in turn, in fact, by the cases cited by the defendant Progressive, speak of a heightened requirement of duty and care that insurance companies have toward their motorist insureds.

Moreover, the technique of distorting the theory of the plaintiff's case is also engaged in in order to create a "straw man" that can be struck down. The defendant Progressive repeatedly asserts that the plaintiff cannot be a third party beneficiary of an insurance contract because the contract must contemplate such a third party beneficiary. But that's precisely what a UIM proviso, required by

law, incidentally, does.  Significantly, the defendant Progressive does not even mention the UIM clause or even the concept of a UIM clause.

This willingness to distort the theories of the plaintiff Williams' pendant claim and to do so with outright inappropriate denial is illustrated by the following passage from p. 7 of the support memo:

> Plaintiff Williams' fraud claims against Progressive also fail to state damages.  The only alleged right that William's [sic] alleges was damaged was his right to bring his auto tort claim.  The fact that he continues to bring this claim in this action indicates that Progressive's conduct during settlement negotiations did not damage his right to pursue his claim.

We see here the same distortion we have previously observed, that the fraud alleged was during the call from plaintiff's counsel that was quite a bit after the fraud, which actually began when the defendant Savage lied to the plaintiff's insurance carrier and collected a settlement based completely on that lie.

But it goes beyond that.  One wonders what alternate universe someone is living in who authors such a statement.  Obviously, if the defendant Savage had not lied to the officer and to the plaintiff's insurance carrier, and had instead told the reporting officer the truth, that he, Savage, had run the red light, because the defendant Savage would then by his own admission been clearly at fault to such an extent that no bias of the reporting officer or of a witness could have intervened, then plaintiff Williams, would have in all likelihood have received a swift settlement.  The underlying personal injury claim is not all that large.  But as it his, the plaintiff Williams has had the cost and expense of efforts before the Police Department, of a much expanded law suit and a long expensive battle on

11

a vastly greater scale that is far beyond any conceivable cost of such a swift settlement.

So we see that with regard to the defendant Progressive's attempt to expand its arguments about fraud, that it is also the case that the Court would be well advised not to exercise its discretion to allow this additional filing out of time. It would further obfuscate and delay without sharpening or focusing any issues.

The determination to vexatiously multiply the proceedings in an unnecessary fashion is further illustrated by the language in this filing, Dkt. # 31, in which the defendant Progressive seeks leave to file another motion to dismiss and to do so out of time yet again, concerning the earlier attempt by this same defendant to get the plaintiffs' claim dismissed based on the clear failure of the defendant Progressive to exercise due diligence in finding out when the complaint was actually filed. The defendant Progressive, like most of the other defendants, was served with a summons stamped by the Clerk's office on the date of the actual filing of the complaint, a date plainly within the applicable statute of limitations. Further, the actual date stamped on the Complaint by the clerk when the case was filed was within the statute of limitations and, should it have been examined as well, as was the filing fee paid on that date. Instead of determining when the complaint was actually filed, the defendant Progressive moved to dismiss based on the date on which the clerks entered the Complaint into the docket. Anyone familiar with the system knows that this date is often a delayed date. This was the largest part of their original motion to dismiss, the one filed after their answer.

Accordingly, Plaintiffs have demonstrated that Defendants had not been diligent before making their motion. Instead of graciously acknowledging its mistake and lack of diligence, defendant Progressive, in Dkt. # 31, now asserts that the complaint "may" have been timely filed. Further, it asserts, at 2, Dkt. # 31, that its own lack of diligence entitles it to now file another motion to dismiss. The Rules require defense counsel to be diligent and investigate before filing, not to do what is acknowledged in Dkt. # 31, to file something in a "hasty" fashion without properly investigating, and then seeking to use that as an excuse for further out-of-time filings. It is not a good sign for heading off the needless and vexatious multiplying of these proceedings that when even a clear mistake is pointed out, Progressive cannot candidly admit it.

   Respectfully submitted,

_____/s/_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for Plaintiffs                                          February 12, 2008