**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DON E. WILLIAMS *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-0583 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 12, 20 |
| | : | | |
| PERNELL L. SAVAGE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE D.C. DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

The plaintiffs – Don Williams, Alleans McQueen and Fonda Allen – seek to make a federal case out of an ordinary car accident. They charge Kimberly Freeman, the police officer who took the accident report; George Bernard, the sergeant who handled the plaintiffs' complaints about the report; Jennifer Green, the commander of the precinct out of which Freeman and Bernard worked; and the District of Columbia (collectively, the "D.C. defendants") with violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the First Amendment's protections of free exercise of religion and access to the courts.[1] The D.C. defendants filed a motion to dismiss these claims for, *inter alia*, failing to state a claim on which relief may be granted. Because the

---

[1] The plaintiffs also assert claims against Pernell Savage, the driver of the other vehicle involved in the accident; Progressive Casualty Insurance Company, Savage's insurance company; Robert Dykes, the insurance adjuster; and Bernetta Kingsberry, a witness to the accident. These defendants, with the exception of Kingsberry, collectively filed a motion to dismiss on September 13, 2007. Because this filing occurred after the answer was due, the court will treat it as a motion for judgment on the pleadings in accordance with Rule 12(c). *Summers v. Howard Univ.*, 127 F. Supp. 2d 27, 29 (D.D.C. 2000) (treating a motion to dismiss filed after an answer as a motion for judgment on the pleadings under Rule 12(c)). However, because these defendants are also attempting to amend their September 13, 2007 motion, the court's Memorandum Opinion today only addresses the D.C. defendants' motion.

plaintiffs have not succeeded in stating a cognizable claim for any of the many federal violations alleged, the court grants the D.C. defendants' motion to dismiss these claims.

## II.  BACKGROUND

The plaintiffs allege the following in support of their claims:  Plaintiff Williams is a recovered alcoholic.  Compl. ¶ 17.  He recovered "through his belief in a Higher Being which is the center of the [Alcoholics Anonymous ("AA") program] and by his regular attendance at AA meetings and the support of his fellow members over a number of years."  *Id.*  In March 2004, he borrowed a friend's car to attend an AA meeting, which met regularly at a church in the District of Columbia.  *Id.* ¶¶ 15-20.  Plaintiffs McQueen and Allen, who are recovered alcoholics and friends of Williams through their regular encounters at AA meetings, also attended the meeting that day.  *Id.* ¶¶ 19-20.

After the meeting, Williams decided to drive back to his friend's house, *id.* ¶ 20; McQueen and Allen happened to be traveling behind him, as he proceeded south on 11th Street, *id.* ¶ 21.  Williams then drove through a green light at the intersection of 11th and H Streets, S.E., when defendant Savage, traveling west on H Street, ran a red light and collided with Williams's vehicle.  *Id.* ¶ 23.  Defendant Freeman, a police officer, arrived on the scene to document the accident as emergency responders took Williams to the hospital via ambulance. *Id.* ¶¶ 26-27.

At that point, Bernetta Kingsberry came forward as a witness, informing Freeman that Williams was at fault and that Freeman should not listen to McQueen or Allen because "one cannot trust those AA's."  *Id.* ¶¶ 28, 29.  McQueen and Allen tried to explain to Freeman what they saw, but Freeman "made it plain to them that she did not want to hear from anyone in AA"

and refused to listen to them. *Id.* ¶ 31. Freeman then solicited other witnesses to support her view that Williams was at fault. *Id.* ¶ 34. She interviewed several individuals, including Savage, and they all indicated that Williams was at fault. *Id.* ¶¶ 33-38. Based on this information, Freeman issued Williams a citation for failure to yield the right of way. *Id.* ¶ 40. This citation has since been dropped. *Id.* ¶ 41.

Some time after the accident, Williams sent a letter to the General Counsel for the Metropolitan Police Department, which was eventually redirected to Bernard – a sergeant in the police department – requesting that the department reconsider its finding that Williams was at fault for the accident. *Id.* ¶¶ 42-44. In the letter, Williams notes inconsistencies and biases in statements made by the witnesses to Freeman at the scene and notifies the department of an additional witness, Thomas Taylor, who was not interviewed and whose description of the events contradicts those in the report. *Id.* ¶¶ 43, 45. After receiving the letter, Bernard falsely told Williams that Taylor came to the precinct and made a statement corroborating the findings in the police report. *Id.* ¶ 61. Bernard misled the plaintiffs in an effort to further discriminate against AA members. *Id.* ¶ 62.

Without taking any further action, Bernard also informed Williams that the report was sent back to the General Counsel's office. *Id.* ¶ 47. "In the meantime," Williams' counsel became aware that McQueen and Allen witnessed the accident and had not been interviewed by Freeman. *Id.* ¶ 48. Both McQueen's and Allen's depiction of the events corroborated Taylor's in absolving Williams of wrongdoing. *Id.* Williams forwarded this information to the General Counsel's office, but they did not take any action. *Id.* ¶¶ 49-50.

Because of the alleged discrimination exhibited by Freeman in concert with Kingsberry and ratified by the District of Columbia, Williams contends that he was "unable to properly settle

3

with and collect for his injuries and the damages to his friend's vehicle." *Id.* ¶¶ 51-52. Due to this loss, on March 26, 2007,[2] the plaintiff filed a lawsuit in this court alleging that the D.C. defendants committed a litany of federal offenses. The D.C. defendants struck back with a motion to dismiss to which the court now turns.

### III. ANALYSIS

#### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

---

[2] The D.C. defendants argue that the plaintiffs' claims should be barred because they were not filed within the three-year statute of limitations, which expired on March 26, 2007. Defs.' Mot. at 3-4. Although the docket reflects that the plaintiffs filed their complaint on March 27, 2007, the plaintiffs, in response to the D.C. defendants' argument, have produced a date-stamped copy of their complaint, indicating the court received it on March 26, 2007 – within the limitations period. Pls.' Opp'n, Ex. 1.

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### B. The Court Dismisses the Plaintiffs' ADA Claim

#### 1. Statute of Limitations Does not Bar the Claim

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred.

*Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985).  If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds.  *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

The ADA does not contain a statute of limitations.  42 U.S.C. §§ 12112 *et seq.*  The Supreme Court, in *Goodman v. Lukens Steel Co.*, held that when a federal statute does not contain a statute of limitations, "federal courts should select the most appropriate or analogous state statute of limitations."  482 U.S. 656, 660 (1987).  The Court determined that a state's personal injury statute of limitations period should apply when the federal statute protects a plaintiff's ability to receive "equal rights under the law."  *Id.*  It follows then, that "[s]ince the Supreme Court's ruling in *Goodman*, most Courts of Appeals, with the exception of the Fourth Circuit, have applied the state statute of limitations for personal injury actions to claims under . . . the ADA."  *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir. 2003).

The D.C. defendants argue, however, that the court should adopt the one-year statute of limitations provided by the D.C. Human Rights Act, D.C. Code §§ 2-14-1 *et seq.*, because the D.C. Human Rights Act is the most analogous state statute.  Defs.' Mot. at 4.  The plaintiffs retort that the District's three-year limitation period should apply to all of their federal claims.  Pls.' Opp'n at 5.  Although the D.C. Circuit has not addressed the issue, this district has applied D.C.'s three-year statute of limitations period for personal injury actions to nonemployment claims under the ADA.  *Long v. Howard Univ.*, 512 F. Supp. 2d 1, 12 (D.D.C. 2007); *see Stewart v. District of Columbia*, 2006 WL 626921, at *9-11 (D.D.C. Mar. 12, 2006) (applying three-year statute of limitation to employment cases); *Duberry v. District of Columbia*, 2005 WL 3276309,

6

at *6 (D.D.C. Sept. 20, 2005) (same); *cf. Turner v. District of Columbia*, 383 F. Supp. 2d 157, 176 (D.D.C. 2005) (noting that the ADA adopts the statute of limitations provided under Title VII for employee-plaintiffs).  The court finds no reason to depart from this plotted course and rejects the D.C. defendants' proposed one-year limitation period.

### 2.  The Plaintiffs are not Disabled Under the ADA

The purpose of the ADA is broad and remedial and is designed to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12112(a).  Under the ADA, the District of Columbia, as a public entity,[3] cannot discriminate against disabled individuals, *e.g.*, "exclud[e them] from participation in or [] den[y them] the benefits of [its] services, programs, or activities."  42 U.S.C. §§ 12131(1)(B), 12132.

The D.C. defendants contend that the plaintiffs' claim under the ADA must fail because being recovered alcoholics does not qualify as having a disability.  Defs.' Mot. at 5-6.  The plaintiffs respond that their complaint was sufficient to provide "fair notice" to the defendants that, as recovered alcoholics, they are substantially impaired.  Pls.' Opp'n at 12-14.  The ADA defines disability in relevant part as "(A) a physical or mental impairment that substantially limits one or more of [a person's] major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  The Regulations explain that alcoholism qualifies as "a physical or mental impairment."  28 C.F.R. § 35.104.  Alcoholism is not a *per se* disability, and the court must undertake a case-by-case analysis to determine whether a plaintiff qualifies as having a disability.  *Wilson v. Int'l Bhd. of Teamsters*,

---

[3]  Section 12131 defines a public entity as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority."  Accordingly, to the extent the plaintiffs allege that defendants, other than the District of Columbia, violated their rights under the ADA, the court dismisses these claims.

47 F. Supp. 2d 8, 10 (D.D.C. 1999) (citing *Burch v. Coca-Cola Co.*, 119 F.3d 305, 316 (5th Cir. 1997)).

An inquiry for "*recovered* alcoholic[s]," however, is not necessary. In stating that they are recovered, the plaintiffs have conceded that alcoholism is not presently affecting a major life activity. *See* Am. Compl. ¶¶ 17, 19. Indeed, the only effect that the plaintiffs muster in their complaint is that the disease has required them to regularly attend AA meetings for "a number of years." *Id.* ¶¶ 17-20. This falls well short of the type of impairment necessary to qualify as a disability under the ADA. *See* 29 C.F.R. § 1630.2(h)(2)(i) (defining major life activities as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working"); *see also Duncan v. Wash. Metro. Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (en banc) (holding that a back injury that limited the plaintiff to lifting no more than 20 pounds did not substantially limit a major life activity). Accordingly, the court grants the D.C. defendants' motion to dismiss the plaintiffs' claims for failing to allege a substantial impairment to a major life activity, a record of such impairment or being regarded as having such an impairment. *See Sutton v. United Air Lines*, 527 U.S. 471, 488-89 (1999) (affirming a dismissal under the ADA for "not stat[ing] a claim that [the plaintiffs] are substantially limited in a major life activity"); *Mitchell v. Yates*, 402 F. Supp. 2d 222, 227-29 (D.D.C. 2005) (dismissing a claim brought under the ADA for failing "to allege facts suggesting that [the plaintiff] is substantially limited in a major life activity").

### C. The Court Dismisses the Plaintiffs' Claim Under 42 U.S.C. § 1981

The plaintiffs allege that "[t]he individual defendants concerted and conspired to deprive the plaintiffs of equal rights as accorded to white citizens in violation of 42 U.S.C. § 1981." Compl. ¶ 67. The D.C. defendants argue that the plaintiffs have failed to state a claim pursuant

to 42 U.S.C. § 1981 "since they do not allege intentional discrimination based on race." Defs.' Mot. at 7. The plaintiffs do not respond to this argument in their opposition. *See generally* Pls.' Opp'n. "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded."[4] *Fox v. Am. Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003). Due to the plaintiffs' failure to address the argument advanced by the D.C. defendants, the court dismisses the plaintiffs' claims brought pursuant to 42 U.S.C. § 1981.

### D. The Court Dismisses the Plaintiffs' Claim for Denial of Access to Courts

The D.C. defendants assert that the plaintiffs do not have a claim for denial of access to the courts because they have not been deprived of bringing an underlying claim. Defs.' Mot. at 7. In fact, the D.C. defendants contend, the plaintiffs are currently bringing the very claim on which their denial of access rights rest – a negligence action against Savage. *Id.* The plaintiffs insist that the D.C. defendants err in that "one of the categories of denial of access to justice is systemic official action which frustrates the preparing and filing of suits." Pls.' Opp'n at 15. They explain that "[t]here can be no doubt that if the police report had been accurately prepared . . . the underlying case would be a slam dunk compared to the frustrations that has beset Plaintiffs." *Id.*

It is, however, the plaintiffs who err. The Supreme Court describes two situations in which a denial of access claim may be brought: (1) "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits" (*e.g.*, prisoners seeking access to a law library, a reader for an illiterate prisoner or a lawyer) or "presently den[ies] an opportunity to litigate for a

---

[4]     Even if the plaintiffs had responded, case law is clear that § 1981 may only be used to bring actions for race-based discrimination. *See Carney v. Am. Univ.*, 151 F.3d 1090, 1092 (D.C. Cir. 1998). Here, the plaintiffs do not allege any facts to substantiate a claim of racial discrimination, and therefore, their claim is properly dismissed.

class of potential plaintiffs" (*e.g.*, challenges to "filing fees that poor plaintiffs cannot afford to pay") and (2) official action has precluded a claim that is no longer ripe for adjudication (*e.g.*, "the loss or inadequate settlement of a meritorious case"). *Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002).

The plaintiffs' contention that an inaccurate police report has frustrated their ability to file suit against Savage falls within the first category of suits described by the Supreme Court. Compl. ¶ 69; Pls.' Opp'n at 15. This category – looking at prospective rather than past claims – requires the plaintiffs to allege "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 513 U.S. 343, 353 (1996). But the Supreme Court has explicitly stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. And this Circuit has explained that "[n]o such injury exists if a plaintiff can still meaningfully press his underlying claims because the plaintiff is not presently denied an opportunity to meaningfully litigate." *Broudy v. Mather*, 460 F.3d 106, 121 (D.C. Cir. 2006) (quoting *Harbury*, 536 U.S. at 413) (internal quotations and alterations omitted). Despite any alleged detriment an inaccurate police report may have on their settlement prospects, the plaintiffs have at all times remained free to avail themselves of the courts and fully engage in the adversarial process. The plaintiffs have demonstrated as much by brining a negligence action against Savage – which is currently pending before this court. Accordingly, the plaintiffs have not stated a cognizable claim of denial of access to the courts, and the court grants the D.C. defendants' motion to dismiss this claim.

### E. The Court Dismisses the Plaintiffs' Claim Under The Free Exercise Clause

The D.C. defendants next confront the plaintiffs' claim that the defendants have impinged on their rights under the Free Exercise Clause. Defs.' Mot. at 9. The D.C. defendants aver that

they have "in no sense burdened plaintiffs in any practice of a religious nature." *Id.* They further contend that the plaintiffs have not alleged any facts to support their claim that the defendants "sought and conspired to interfere with the free exercise of [the plaintiffs'] religious beliefs . . . ." Compl. ¶ 70. In response, the plaintiffs insist that they "were discriminated against precisely because they were members of AA, which has been recognized as having a religious status." Pls.' Opp'n at 15. This discrimination, the plaintiffs allege, resulted in an incorrect police report. But the First Amendment's Free Exercise Clause prohibits state actors from "impos[ing] a substantial, as opposed to an inconsequential, burden on the litigant's religious practice," and the plaintiffs have pled no facts indicating that this alleged discrimination and police report have imposed a substantial burden on their religious practice. *Levitan v. Ashcroft*, 281 F.3d 1313, 1320 (D.C. Cir. 2002). Therefore, the court grants the D.C. defendants' motion to dismiss this claim as well.

### F.  The Court Dismisses the Plaintiffs' Claims Under 42 U.S.C. §§ 1983, 1985

Addressing the plaintiffs' claims that the defendants violated their rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3),[5] the court notes that these statutes do not create substantive rights but provide remedies for rights described therein. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979) (stating that "[s]ection 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates"); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (holding that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"). Section 1983 provides a remedy against any person who, acting under the color of state law, abridges rights guaranteed by the Constitution or

---

[5]  Although the plaintiffs do not clarify the subsection of § 1985 under which they bring their claim, their invocation of the "equal protection of the laws" clearly falls within the ambit of the third subsection.

the laws of the United States.  To maintain a claim under § 1983, therefore, the plaintiffs must allege a violation of a constitutional or federal right.  *Polk v. District of Columbia*, 121 F. Supp. 2d 56, 61 (D.D.C. 2000).  As discussed *supra*, the plaintiffs have failed to advance such a pleading under 42 U.S.C. § 1981, the ADA and the First Amendment's protections of free exercise of religion and access to the courts.  Accordingly, the court dismisses the plaintiffs' 1983 claim without prejudice.

Section 1985(3) provides a remedy against any person or class of persons who conspire to deprive someone "of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  To maintain a claim under § 1985(3) the plaintiffs must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Griffin v. Breckenridge*, 430 U.S. 88, 102 (1971).  In this case, the plaintiffs' claim fails because they have not adequately identified themselves as a protected class under § 1985(3).  The relevant language of the plaintiffs' complaint states:

> The individual defendants concerted and conspired to deprive the plaintiffs of equal rights as accorded to white citizens in violation of 42 U.S.C. § 1985, inasmuch if two or more person conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Compl. ¶ 68.  The language "conspired to deprive the plaintiffs of equal rights accorded to white citizens" appears to indicate that the alleged discrimination was based on race.  *Id.*  As discussed *supra*, however, the race discrimination claim is entirely unsubstantiated by the facts alleged elsewhere in the complaint.  *See supra* Part III.C (dismissing the plaintiffs' race-based discrimination claim under 42 U.S.C. § 1981).  Therefore, the court dismisses this claim to the extent it relies on race as the protected class.  *Twombly*, 127 S. Ct. at 1967, 1969 (holding that a

plaintiff must allege a "plausible entitlement to relief" by setting forth "any set of facts consistent with the allegations").

In their opposition to the D.C. defendants' motion to dismiss, the plaintiffs contend that they are protected under § 1985 based on their alleged "disability" and the denial of access to police services. Pls.' Opp'n at 17. Even removing the thick lacquer of legalese and construing the complaint to allege discrimination based on the plaintiffs' "disability,"[6] their claim fails because recovered alcoholics who attend AA meetings are not a protected class of persons under § 1985. *See United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 838-39 (1983) (concluding that § 1985's protections do not extend to "conspiracies motivated by bias towards others on account of their *economic* views, status, or activities" (emphasis in original)); *Hoai v. Vo*, 935 F.2d 308, 314 (D.C. Cir. 1991) (same). Consequently, the court dismisses without prejudice the plaintiffs' claims under § 1983 and § 1985.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the D.C. defendants' motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously filed this 10th day of March, 2008.

                                                                                                                                              RICARDO M. URBINA
                                                                                                                                           United States District Judge

---

[6]  The court has already explained that the plaintiffs' complaint does not state a claim under the ADA for failing to indicate how their alleged disability substantially impairs them in a major life activity. Accordingly, the court need not decide whether disabled persons are a protected class under § 1985. *Bois v. Marsh*, 801 F.2d 462, 470 n.14 (D.C. Cir. 1986) (declining to decide "whether § 1985(3) applies to conspiracies other than those that are racially motivated").