UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 07-CV-0583 RMU |
| | ) |
| | ) |
| PERNELL LAMONT SAVAGE, et al. | ) |
| | ) |
| Defendants. | ) |

**<u>PLAINTIFFS' MOTION TO RECONSIDER (Dkt. # 35)</u>**

Pursuant to Fed.R.Civ.P. 15(a), 59(e) and 60(b), and LCvR 7(i) and 15.1, Plaintiffs, by and through counsel, respectfully move the Court to reconsider its Order (Dkt. # 35), based on the facts contained in the submitted Amended Complaint and the reasons provided in the accompanying Memorandum in Support.

Respectfully submitted,

_____/s/_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiffs                                    March 24, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.        ) | Civil Action No. 07-CV-0583 RMU |
| ) | |
| ) | |
| PERNELL LAMONT SAVAGE, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTIONS
TO AMEND COMPLAINT AND FOR RECONSIDERATION**

Plaintiffs, by and through counsel, respectfully submit their Memorandum in Support of Motions to Amend Complaint and for Reconsideration, and state the following:

**I.    Introduction**

The Plaintiffs are requesting the Court to reconsider its decision dismissing their discrimination complaint in light their simultaneously moving to amend their Complaint to change the mistaken term "recovered" to the correct term "recovering." The use of the former mistaken term was the basis for the Court's granting of the D.C. defendants' motion to dismiss. The three plaintiffs have been and continue to be individuals with disabilities within the protection of the Americans with Disabilities Act. As Justice requires allowing Plaintiffs to correct the misstatement by amending their complaint, their

motion to reconsider should be granted and the Order dismissing their complaint should be set aside.

## II.     The Motion to Amend the Complaint Should Be Granted

The Plaintiffs are seeking leave to amend their Complaint to change the mistaken term "recovered" to the correct term "recovering" in describing their disabling condition. The Court's granting of leave to amend the pleadings is governed by Fed.R.Civ.P. 15(a), which prescribes that "leave shall be freely given when justice so requires."  As the Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962), denial of leave to amend constitutes an abuse of discretion, unless the court gives sufficient reason such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendment.  There is no futility in amending to correct the mistaken term bearing on the facts, nor do any of the other reasons for denying leave to amend apply here. The D.C. Circuit has held that the mandate of the Rule that leave to amend must be freely given when justice so requires must be heeded. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.1996); *Caribbean Broad. Syst., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir.1998).

As the decision granting the D.C. defendants' motion to dismiss was premised on the use of the former mistaken term,[1] and the three plaintiffs have been and continue to be individuals with disabilities within the protection of the Americans with Disabilities Act,

---

[1] Memorandum Opinion, Dkt. # 36, at 8.

Justice requires allowing Plaintiffs to correct the misstatement by amending their complaint.

Justice further requires granting both motions to amend and to reconsider since the Plaintiff's Opposition had already put the Defendants on further notice that they are "recovering" alcoholics and entitled to the protections of the ADA. See Opposition, Dkt. # 19 (September 27, 2007) at 12:

> Paragraphs 16-20 set forth the facts that the three Plaintiffs are **recovering** alcoholics (a physical impairment), who have a substantial limitation on the major life activity of their being able to live independently and to care for themselves and that

they require their continued participation in Alcoholics Anonymous to continue their recovery and to care for themselves. (Emphasis added).

The Opposition had already put the Defendants on additional notice that the Plaintiffs are "recovering" alcoholics, and the only distinction is between those who are in recovery and those who are not participating in a recovery program; there is no such thing as a "recovered" alcoholic (Opposition at 12-14). Continued reliance on the term "recovered" was inappropriate following the September 2007 Opposition.

Furthermore, and as earlier addressed in the Standards section of the Opposition at 3-4, and footnote 1 in particular, pretrial procedures are available to more precisely disclose the claims and facts, (such as the information conveyed by the Opposition), and if the factual allegations are found to be insufficient, the remedy is to allow the pleadings to be amended to provide the necessary facts, citing *Andrx Pharms., Inc. v. Biovail Corp. Int'l,* 256 F.3d 799 (D.C. Cir. 2001). The original complaint was filed by prior counsel who was not familiar with Alcoholics Anonymous and who inadvertently and mistakenly misstated the terminology in the

Complaint. And while the Decision at 8 mistakenly references an Amended Complaint, there has been no amendment since the original Complaint. Accordingly, leave is required to be given.

### III.    The Motion to Reconsider Should Be Granted

#### A. The Primary Basis for the Decision Has Been Corrected

The Motion to Reconsider should be granted as the Amended Complaint corrects the mistaken term relied on in the Decision at 8. The Amended Complaint makes the correction identified in the September 2007 Opposition that the Plaintiffs are "recovering" alcoholics who have a substantial limitation in the major life activity of their being able to live independently and to care for themselves and that they require their continued participation in Alcoholics Anonymous to continue their recovery and to care for themselves (¶¶ 17-20). As the decision granting the D.C. defendants' motion to dismiss was premised on the use of the former mistaken term, and the three plaintiffs have been and continue to be individuals with disabilities within the protection of the Americans with Disabilities Act, Justice and the Law require reconsideration and setting aside the Decision granting the motion to dismiss.

#### B. The Plaintiffs are Qualified Individuals With a Disability Protected by the ADA

As set forth in the Amended Complaint, as well as in the Opposition at 12-14, the Plaintiffs are "recovering" alcoholics, who have a substantial limitation in a major life activity - their being able to live independently and to care for themselves - and that they require their continued participation in Alcoholics Anonymous to continue their recovery

and to care for themselves (¶¶ 17-20). Under the applicable case law addressed in the Opposition, they satisfy the legal requirements for being qualified individuals with a disability under the public accommodations provisions of Title II of the ADA.

The Plaintiffs have provided the applicable case law that recovering alcoholics are protected in being allowed to use public services and to travel free from discrimination and harassment in order to continue participating in the central and fundamental activity of their necessary recovery program (Opposition at 14). Participation in their recovery program is essential to their continued ability to care for themselves (the inability to otherwise live independently without suffering a relapse - Opposition at 14, quoting the language from *Reg'l Econ. Cmty. Action Program v. City of Middletown*, 294 F.3d 35,47 (2d Cir. 2002)). These are the necessary facts which satisfy the requirements of being qualified individuals with a disability. The Decision's reliance on employment cases and other conditions by analogy is mistaken in both aspects. This is not an employment case and the analogy to other conditions are not applicable nor appropriate. The matter has been directly addressed, and an indirect and inapplicable analysis is misplaced.

While the Decision identifies that the ADA requires an impairment of a major life activity, "such as caring for oneself" - it overlooked that the Plaintiffs alleged that they suffer from the impairment of their major life activity of "caring for oneself." The Plaintiffs had alleged and now they plainly allege the necessary facts of suffering an impairment of this major life activity under the ADA. And while the Decision lightly

dismissed that their disability requires continued participation in AA (or otherwise they won't be able to care for themselves), as falling short of being a substantial impairment, such conclusion is in error since it is neither based on any direct analysis of the effects of interference with their ongoing recovery program, but rather on a mistaken comparison of other conditions which are not comparable, and in direct disregard of legal holdings that interference with such required treatment does precisely constitute a substantial impairment under the ADA. It was unfortunate that the original complaint did not make those factual allegations more clear, but the Amended Complaint more precisely states the facts which have largely been alleged all along, as the Opposition attempted to explain.

As Plaintiffs have more clearly established their claims under the ADA, they have then likewise established their claims for violations of those rights under 42 U.S.C. § 1983.

### C. The Plaintiffs Have Sufficiently Supplemented the Allegations for Violations of 42 U.S.C. §§ 1981, 1983 and 1985

The plaintiffs are also making amendments to the allegations concerning violations of 42 U.S.C. § 1981 to make clear the race-based bias that was only implied before and of 42 U.S.C. § 1985 to make clear that they are asserting invidious class-based discrimination based on disability and religious belief as well as on race-based grounds (¶¶ 67-68). The factual allegations supporting religious discrimination are also now set forth in greater detail in paragraphs 17-20.

With regard to the Decision's opening observation that plaintiffs seek to make a federal case out of an ordinary car accident, such comment could be said of any civil rights claim ever

brought, that it sought to elevate what otherwise would have been a local tort claim to a federal case. But for the discriminatory actions of the defendants in violation of plaintiffs' protected federal rights, this would have been a simpler civil matter. However, the discriminatory animus displayed at the time of the accident, and through the ongoing policy and practices of the District Police department in violation of protected federal rights to be a witness and have access to a properly administered system of police reports elevated this to being a federal case.

As was said in the case upon which the Court relies, *Broudy v. Mather*, 460 F.3d 106 (D.C. Cir.2006):

> The Supreme Court has long recognized that citizens have a right of access to the courts. *See Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907) ("[T]he right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential principles of citizenship…."). The Supreme Court has grounded the right at various times in different provisions of the Constitution: the "Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Christopher v. Harbury*, 536 U.S. 403, 415 n 12 (2002) (*Harbury III*) (citations omitted). Furthermore, "[t]he right not only protects the ability to get into court, but also ensures that such access be adequate, effective, and meaningful." *Harbury v. Deutch*, 233 F.3d 596, 607 (D.C. Cir.2002) (*Harbury I*) (quotation marks and citations omitted), *reh'g denied* 244 F.3d 956 (D.C. Cir.2001) (*per curiam*) (*Harbury II*).

Here the *Broudy* court footnoted to a Supreme Court case, *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("[T]he right to petition extends to all departments of Government. The right of access to the courts is indeed but one aspect of the right to petition.") (internal citations omitted).

Moreover, in *Broudy*, the defendant agency relied upon twp arguments, neither of which applies here. The first argument was that the court had no jurisdiction in that case because the

administrative proceeding at issue, which was of the Department of Veterans' Affairs, was exclusive. The case concerned the assertion of rights by veterans involved in the occupation of Japan after we dropped the bomb, who claimed that they were deliberately or needlessly exposed to radiation and then the military covered up that wrongdoing in a conspiracy. This defense failed because the Administrator of VA had not made a final decision, which would have been required for the internal VA grievance procedure to be exclusive. But none of that matters here because there is no legislative intent that the traffic adjudication process, which is technically part of the criminal procedures, exclude the right to litigate auto accidents in a civil suit.

In *Broudy* also the defendant agency raised a second argument of immunity, at first qualified and then unqualified. No such claim of privilege has been raised here, nor could it be. In any case, a claim of privilege would require a balancing test. The privilege claimed would have to be shown to be sufficiently in the interest of the public to overcome the right of the party against whom it was claimed. Thus, as with the Freedom of Exercise claim of the plaintiffs, a balancing analysis would be in order. What does the word "impeded" means in its quote from *Lewis v. Casey*, 513 U.S. 343, 353 (1996)? Does it mean that the Police Department may impede the right of the plaintiffs to participate in the traffic adjudication process as witnesses because they are members of AA so long as the Department does not prevent ultimate access to the courts, that the Department may set out hoops for the plaintiffs to jump through that have no legitimate basis?

*Broudy* and *Harbury* define "backward looking" and "forward looking": denial of access claims. Here we have a "forward looking" claim under that authority. If the plaintiff Williams can show in court that the defendant Savage committed a traffic violation and was ticketed for it,

which is what should happen if the bias is eliminated and the record is corrected, then the plaintiff Williams may use that conviction in the civil suit and liability on the part of Savage becomes a matter of summary judgment. Williams is "impeded" in accessing the court because his two witnesses, the other plaintiffs herein, were outright denied access to the traffic adjudication system based on illegal bias and discrimination.

Neither of the two reasons that the Supreme Court reversed in *Harbury III* is present here. First of all, a personal injury claim for having been injured in an auto accident by a driver who was negligent, in this case running a red light, is not frivolous. :There are tens of thousands of such cases perused in this country every year. Secondly, it is not the case that there is no available remedy here. As pointed out, if the bias against the plaintiffs is eliminated and the traffic report corrected as was promised by the Department would happen upon presentation of evidence exposing the falsehood of Savage, then substantial obstacles to the plaintiff Williams' presentation and prosecution of his civil suit are greatly enhanced and can be accelerated. In fact a settlement would be extremely likely. Accordingly, reconsideration is appropriate.

Respectfully submitted,

_____/s/_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiffs                                         March 24, 2008