UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, et al. )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>PERNELL LAMONT SAVAGE, et al. )<br>)<br>    Defendants. ) | Civil Action No. 07-CV-0583 RMU |

**PLAINTIFFS' SUPPLEMENTAL POINTS AND AUTHORITIES
IN SUPPORT OF RECONSIDERATION**

Plaintiffs, by and through counsel, respectfully submit the following Supplemental Points and Authorities in Support of Reconsideration as follows:

The Plaintiffs wish to bring to the Court's attention that the Department of Justice published guidance for municipalities complying with the requirements of the ADA is directly opposite the portion of the Decision regarding "recovered" alcoholics.[1]

Subtitle A of the ADA is intended to protect qualified individuals with disabilities from discrimination on the basis of disability in the services, programs, or activities of all State and local governments.

---

[1] The Americans with Disabilities Act, Title II Technical Assistance Manual, Covering State and Local Government Programs and Services, ("ADA Title II TAM"); http://www.usdoj.gov/crt/ada/taman2.html#II-8.5000
The technical assistance manual addresses the requirements of title II of the Americans with Disabilities Act, which applies to the operations of State and local governments. Title II of the ADA covers programs, activities, and services of public entities. It is divided into two subtitles. This manual focuses on subtitle A of title II, which is implemented by the Department of Justice's title II regulation.

Even if a person who is an alcoholic is considered "recovered", they are protected in receiving police services because they have a record of having a physical disability.[2] A record of a physical impairment specifically includes persons with "a history of an impairment that substantially limited a major life activity but who has recovered from the impairment." which specifically includes alcoholism.[3]

The requirement of being "qualified individuals with disabilities" to be protected from discrimination is extremely minimal - persons need only be eligible to receive the subject police services.[4] Therefore there is no question that the plaintiffs were eligible to receive the police

---

[2] Title II protects three categories of individuals with disabilities:
1) Individuals who have a physical or mental impairment that substantially limits one or more major life activities;
2) Individuals who have a record of a physical or mental impairment that substantially limited one or more of the individual's major life activities; and
3) Individuals who are regarded as having such an impairment, whether they have the impairment or not. (ADA Title II TAM, II-2.1000 General).

[3] II-2.5000 Record of a physical or mental impairment that substantially limited a major life activity. The ADA protects not only those individuals with disabilities who actually have a physical or mental impairment that substantially limits a major life activity, but also those with a record of such an impairment. This protected group includes --
   1) A person who has a history of an impairment that substantially limited a major life activity but who has recovered from the impairment. Examples of individuals who have a history of an impairment are persons who have histories of mental or emotional illness, drug addiction, **alcoholism**, heart disease, or cancer. (Emphasis added) (ADA Title II TAM, II-2.5000 General).

[4] II-2.8000 Qualified individual with a disability. In order to be an individual protected by title II, the individual must be a "qualified" individual with a disability. To be qualified, the individual with a disability must meet the essential eligibility requirements for receipt of services or participation in a public entity's programs, activities, or services with or without –
   1) Reasonable modifications to a public entity's rules, policies, or practices;
   2) Removal of architectural, communication, or transportation barriers; or
   3) Provision of auxiliary aids and services.
The "essential eligibility requirements" for participation in many activities of public entities may be minimal. For example, most public entities provide information about their programs, activities, and services upon request. In such situations, the only "eligibility requirement" for

services of giving witness statements to the police concerning the accident and to receive accurate police reports and services based on the events, without being subjected to discrimination because they are alcoholics who are participating in AA.

        Respectfully submitted,

        _____/s/_____
        STEVEN M. SPIEGEL, D.C. Bar # 386709
        3917 Keller Avenue
        Alexandria, VA 22302-1817
        Phone 703-998-6780; Fax 703-998-7612
        E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiffs                                  March 27, 2008

---

receipt of such information would be the request for it. However, under other circumstances, the "essential eligibility requirements" imposed by a public entity may be quite stringent.

ILLUSTRATION: The medical school at a public university may require those admitted to its program to have successfully completed specified undergraduate science courses.
(ADA Title II TAM, II-2.8000 Qualified individual with a disability).