UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-583 (RMU) |
| ) | |
| PARNELL LAMONT SAVAGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANTS DISTRICT OF COLUMBIA, JENNIFER GREENE, GEORGE BERNARD AND KIMBERLY FREEMAN'S OPPOSITION TO (1) PLAINTIFFS' MOTION TO RECONSIDER AND (2) PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

In opposition to plaintiffs' motion to reconsider, defendants District of Columbia, Jennifer Greene, George Bernard and Kimberly Freeman ("District defendants") respectfully submit that this Court correctly granted the District defendants' motion to dismiss the complaint for the reasons stated in the Court's memorandum opinion.  Because reconsideration of the Court's dismissal of the District defendants is not appropriate, plaintiffs also have no basis for their concurrent motion to amend their complaint.

Plaintiffs' motion for reconsideration fails to meet the "stringent standard" under Fed. R. Civ. P. 59(e).  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Id. (internal quotations omitted).  While plaintiffs also filed a motion to amend their complaint concurrently with their Rule 59(e) motion, the Court must first determine whether, under Rule 59(e), its order of dismissal was entered in error.  Id.  If the Court finds that its order of dismissal was proper when issued, based on the record before it

at the time, then the Court should likewise deny leave to amend. Id. (requiring that the order of dismissal be vacated before the Court could consider motion for leave to amend the complaint, when plaintiff simultaneously filed Rule 59(e) motion and motion to amend).

Plaintiffs' motion to reconsider is just an attempted "second bite at the apple." In asking for reconsideration, plaintiffs raise arguments for the first time that should have been advanced in plaintiffs' opposition to the motion to dismiss. For example, defendants' motion to dismiss argued that dismissal of the Section 1981 claim was proper because the complaint did not allege intentional discrimination based on race. In dismissing the Section 1981 claim, the Court correctly noted that "plaintiffs did not respond to this argument in their opposition." (Mem. Op. 9). Only after dismissal do plaintiffs now try to respond to this argument, and only then by seeking to amend their complaint. Because the proposed amendment was not before the Court when it ruled upon the motion to dismiss, the proposed amendment provides no grounds for plaintiffs to seek reconsideration of the Court's ruling. The Court's dismissal was entirely proper because plaintiffs' opposition had not disputed, and therefore conceded, that plaintiffs had no basis for a claim under Section 1981.

Plaintiffs' motion to reconsider also re-argues issues already decided by this Court. Under the law of the case doctrine, "the same issue presented a second time in the same case in the same court should lead to the same result." LaShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996). Plaintiffs violate this doctrine by, for example, offering further repetitive argument on the previously decided issue of whether plaintiffs' complaint states a claim of denial of access to the courts. This Court has already determined that the complaint does not state such a claim because plaintiff Williams is pursuing his underlying claim for negligence in this very same action. (Mem. Op. 9-10). The Court's determination follows precisely the same holding by the

2

Supreme Court in Christopher v. Harbury, 536 U.S. 403, 414-18 (2002).  Therefore, far from showing any clear error in the Court's decision, plaintiffs' re-argument of this issue is nothing more than a repeated attempt by disappointed litigants to prevail on an issue that they have already lost.

Plaintiffs also cannot obtain reconsideration of their disability discrimination claim because, as the Court correctly found, the complaint alleged no qualifying disability under the Americans with Disabilities Act (ADA).  The complaint merely alleged that plaintiffs had a "disability" because they were "recovered" alcoholics.  (Compl. ¶ 17, 19, 64).  Because plaintiffs acknowledged they were recovered, the Court correctly reasoned that plaintiffs could not be suffering an impairment substantially limiting a major life activity.  Instead of showing that the Court's reasoning was clearly erroneous, the plaintiffs seek to amend their complaint to allege they are "recovering" alcoholics.  Because this proposed amendment was not before the Court when it ruled, the proposed amendment cannot be a basis to reconsider the dismissal of the District defendants.  Moreover, even if plaintiffs had requested the amendment prior to the Court's order of dismissal, the amendment would not be allowed because the new allegation that plaintiffs are "recovering" would be inconsistent with the prior allegation in the original complaint that plaintiffs were "recovered."  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) (affirming denial of leave to amend complaint because the amendment would contradict the allegations of the original complaint).

Alternatively, plaintiffs' proposed amendment should also be denied as futile.  Futility alone is a proper basis for denial of leave to amend a complaint.  See National Wrestling Coaches Ass'n v. Department of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004) (holding that a court properly exercises its discretion "to deny a motion to amend on grounds of futility where the

3

proposed pleading would not survive a motion to dismiss."). Here, even the proposed amended complaint would not survive for the all the reasons argued in defendants' original motion. With respect to the disability discrimination claim in particular, plaintiffs' amended complaint still fails to allege that plaintiffs are suffering from an impairment substantially limiting a major life activity. Plaintiffs' new allegation is merely that if "their participation in [Alcoholics Anonymous is] interrupted, . . . they would be subject to relapses into alcoholism which would substantially impair their ability to care for themselves." (Compl. ¶ 19). This allegation still does not show that plaintiffs are suffering from a qualified disability, only that there is some conjectural or hypothetical possibility that they could suffer from an alleged disability in the future. According to the amended complaint, moreover, this possibility would only occur if plaintiffs interrupted their participation in AA, but there is no suggestion that this interruption is either imminent or likely. Thus, even under the amended complaint, plaintiffs have not alleged a factual basis to show they have a qualifying disability.[1]

Finally, plaintiffs' motions to reconsider and amend should also be denied because, as argued in defendants' motion to dismiss, plaintiffs have not suffered any harm giving rise to a federal claim. (Mot. 10). No plaintiff has suffered any adverse action from the discrimination claimed. Plaintiffs McQueen and Allen, even if allegedly ignored when trying to express their observations of the accident at the scene, have not been discouraged from presenting testimony on behalf of plaintiff Williams on his negligence claim – indeed these two plaintiffs have joined him in this suit. Plaintiff Williams likewise has not been harmed because he has the benefit of

---

[1] Plaintiffs' supplemental memorandum [Docket No. 39] is untimely and therefore cannot be considered. See Fed. R. Civ. P. 59(e) (motion must be filed within 10 days); Fed. R. Civ. P. 6(e) (prohibiting extension of time to file motion under Rule 59(e)). Even if the supplemental motion were timely and the Court were also to consider the amended complaint, the amended complaint only alleges that plaintiffs suffer a "disability," and does not allege any basis other than having a disability, for asserting coverage under the ADA. (Am. Compl. ¶ 64).

their testimony. For the same reasons that this Court found plaintiffs have not suffered any denial of access to the courts, plaintiffs have not suffered any injury actionable under federal law. This Court should therefore deny plaintiffs' motions for all the reasons stated in defendants' motion to dismiss, which include the plaintiffs' continuing failure to allege a cognizable injury.

Accordingly, plaintiffs' motion to reconsider the dismissal of the District defendants and plaintiffs' motion to amend the complaint should both be denied.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Toni Michelle Jackson /s/
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
By:   CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON E. WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-583 (RMU) |
| | ) |
| PARNELL LAMONT SAVAGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER

Upon consideration of the plaintiffs' motion to reconsider the dismissal of the District defendants and the plaintiffs' motion to amend the complaint, the memoranda of points and authorities filed in support thereof, the combined opposition and any reply thereto, and the entire record herein, it is by the Court this _____ day of _____, 2008,

ORDERED, that plaintiffs' motion to reconsider is DENIED; and it is,

FURTHER ORDERED, that plaintiffs' motion to amend the complaint is DENIED.

RICARDO M. URBINA
United States District Judge