**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DON E. WILLIAMS, et al. )
)
Plaintiffs, )
)
v. ) Civil Action No. 07-CV-0583 RMU
)
)
PERNELL LAMONT SAVAGE, et al. )
)
Defendants. )

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTIONS TO AMEND COMPLAINT AND FOR RECONSIDERATION**

Plaintiffs, by and through counsel, respectfully submit their Reply Memorandum in Support of Motions to Amend Complaint and for Reconsideration, and state the following:

The Opposition of the District Defendants (Dkt. # 40) neither adequately nor properly responded to the controlling case law and facts supporting the Plaintiffs motions for reconsideration and to amend. The Opposition failed to address the controlling D.C. Circuit holdings in *Andrx Pharms, Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 807 (D.C. Cir. 2001), requiring reconsideration based on being able to allege additional facts by amending the complaint. The *Andrx Pharms, Inc.* case was referenced in the Plaintiffs' Opposition at 3-4 (Dkt. # 19) to the motions to dismiss (Dkt. #'s 12 and 14), and in the Memorandum in Support of the instant Motions at 3 (Dkt. # 37-2) , that "pretrial procedures are available to more precisely disclose the claims and facts, (such as the information conveyed by the Opposition), and if the factual allegations are found to be insufficient, the remedy is to allow the pleadings to be amended to provide the necessary

facts." The Opposition does not refute that it would be clear error to dismiss the complaint with prejudice without allowing an opportunity to amend.

The *Andrx Pharms, Inc.* case requires the Court to consider whether a plaintiff could amend the complaint to allege the sufficient facts required:

> "[D]ismissal with prejudice should be granted only when a trial court determines that `the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir.1985) (quoting *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962). *Id.*, 256 F.3d at 807.

The Decision in this case did not make such determination that other facts could not be alleged. In asking for reconsideration, the plaintiffs have requested an amendment that would cure the identified insufficiency. As the Court did not commit the error of dismissing with prejudice, it has thus properly left the door open for an amendment.

The Circuit Court had earlier reached the same conclusion in the *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.1996) case cited by both parties, relying on the same precedents used in *Andrx Pharms, Inc.* (*Firestone* at 1209). In *Firestone*, the District Court was reversed precisely because it did dismiss a complaint with prejudice rather than allowing for amendment of the complaint by dismissing without prejudice. The Court of Appeals found that was an abuse of discretion in and of itself.

As addressed in the Motion for Reconsideration, the basis for the Court's decision was finding that the Plaintiffs were "recovered" alcoholics, and therefore they were no longer disabled. Allowing the proposed amendment plainly cures that

identified defect, consistent with the more correct terminology. The District argues that the amendment that they are "in recovery" should not be allowed because it is not consistent with the original complaint. Such argument literally begs the question and is simply not true. As discussed below, the difference in terminology is actually of no legal significance, and the use of the more correct terminology is not inconsistent, but rather a consistent clarification.

The District is also wrong in arguing that the facts do not establish the plaintiffs are disabled. The Districts' arguments that the fact are not sufficient is nothing more than the Defendant's speculation and unsupported argument that it does not believe the criteria are established. The Districts' argument are merely speculation in direct contrast to the case and statutory law already presented in the Memorandum.

As the Plaintiff's have also addressed in their Supplemental Points and Authorities at 2 (Dkt. # 39), under the ADA, a person is considered disabled even if they are considered recovered. They are protected in receiving police services because they have a record of having a physical disability. This is directly addressed in the Justice Department Guidance for implementing the ADA in the delivery of public services. Accordingly, even under a restrictive construction that the original complaint must be considered alone without regard to the ability to allege additional facts, the Plaintiffs satisfied the legal criteria and the Decision was in error. Likewise, while the Court referred to the third basis of being protected as disabled by being regarded as disabled, it did not take into account that the third basis had already been presented in

the Opposition based on the facts as well (Opposition at 13). In sum, the Plaintiffs were discriminated against because the Police refused them access to their services because they were members of Alcoholics Anonymous and thus perceived as alcoholics. The Plaintiffs have presented sufficient facts that they are currently people with disabilities, and even under the original complaint they were people with a medical record and were regarded as people with disabilities. The Plaintiffs satisfied all three of the alternative independent bases for protection under the ADA.

The Opposition contends that the Supplemental Points and Authorities were untimely filed and should not be considered, but they are mistaken. The ten day time period does not count weekends and holidays, and three days are added for service.[1] Even if the Supplement itself were considered untimely, it would be manifestly unjust not to consider it as part of the timely filed motion and memorandum as it merely sets forth the correct statement of the law in effect at the time of the Decision. This is all the more true as the District does not dispute the law as presented in the Supplement, it merely desires that it not be considered. The District was not prejudiced in having time to respond, it just has no legal response.

The Supplement likewise refutes the District's position in its later filed Opposition that the Plaintiffs had only alleged that they were disabled. In point of fact,

---

[1] *CNPq v. Inter-Trade Inc.*, 311 U.S. App. D.C. 85, 50 F.3d 56 (D.C. Cir. 1995) (the ten-day period to file under Fed. R. Civ. P. 72 is subject to the three-day extension provided for by Fed. R.Civ.P.6(e)); see also *The Mashpee Wampanoag Tribal Council v. Norton,* 357 U.S. App. D.C. 422, 336 F.3d 1094 (D.C. Cir. 2003).

the alleged facts set forth that they were qualified individuals with a disability in that they met the minimal requirements of having requested the police services to which they were denied on a discriminatory basis. Supplement at 2-3. Accordingly, the Plaintiffs were protected under the ADA from such discrimination excluding them from public services.

Having demonstrated that it was error to dismiss the Complaint, the Plaintiffs are entitled to amend their Complaint for the reasons stated in the Memorandum. This applies to the amended facts as to disability, racial and religious discrimination. As addressed, it would not be a futility to allow the amendments, and it would be manifestly unjust not to do so.

The District's argument on law of the case literally begs the question as well. The whole point of reconsideration is to request that an error of law be corrected as allowed by the Federal Rules. Quite obviously if Rule 59 and Rule 60 were merely a "second bite at the apple" they would be meaningless. The decision being requested to be reconsidered has not yet become the law of the case because it is not final. Even if the decision were considered the law of the case, it would be subject to modification for the same reasons it can be reconsidered: error of law and manifest injustice. The phrase "law of the case" "expresses the practice of courts to generally to refuse to reopen what has been decided, not a limit on their power." *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 740 (1912); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 31 ALR Fed. 766, 149 U.S. App. D.C. (D.C. Cir.1971). To apply

this doctrine to Rule 59 and Rule 60 motions would be an absurdity that would render those rules completely meaningless. Further, the very existence of the two reconsideration rules makes the doctrine inapplicable because in order for this essentially administrative doctrine to apply there has to be already be finality which has not yet occurred under the Rules.

The District also seeks to apply the doctrine of law of the case to the plaintiffs equal access claim. The District quite misrepresents matters by stating that the plaintiffs violate the law of the case argument by presenting "repetitive argument." A review of the record reveals this assertion to be untrue. In its initial argument against the plaintiffs' equal access claims, citing the single Supreme Court case of *Christopher v. Harbury*, 536 U.S. 403 (2002), the District argued that the plaintiffs had no claim because "the District defendants have not caused plaintiff Williams to lose his underlying claim for negligence…." See Doc. 12, pp. 9-10. In Document 19 the plaintiffs opposed this motion. Because the bulk of the motion was premised upon the District's lack of diligence in finding when the complaint had in fact been filed, much of the opposition was focused on that. In opposing the District's argument against their equal access claim, the Plaintiffs' Opposition pointed out that *Harbury* was distinguishable in that the case turned on there being no underlying claim that could still be pursued. Looking back on this argument, plaintiffs must concede that their brief argument was somewhat ambiguous. It did not make clear that the present underlying claim is really twofold. There was the matter of correcting the improper

traffic report within the administrative tribunal of the Traffic Adjudication Bureau and there is the plaintiff Williams' tort action for his injuries. They relate to each other but are two separate proceedings. The Court then, as in other matters, echoed the District and dismissed this claim by adopting what the District said without addressing the issue of denial of access to the proceedings before the Traffic Adjudication Bureau. Thus, in moving to reconsider, the plaintiffs advanced additional authority and arguments they thought would clarify the matter. In particular the plaintiffs pointed to the decision of the Supreme Court in *Calif. Transp Co. v. Trucking Unlimited*,404 U.S. 598, 510, (1972) where the right of access to the courts and to Petition for the Redress of Grievances extends as well as to agencies such as the Traffic Adjudication Bureau. See Doc. 37-2, pp, 6-8. It is the right of the plaintiffs to fully participate in the proceedings before the Traffic Adjudication Bureau, or any ancillary Police Department proceeding, which was completely denied and that can be rectified only by the relief sought from this Court. The right to proceed in this court was impeded but not completely denied. Historically we would point out that the Traffic Adjudication Bureau handles prosecutions that formerly, in the days of the Court of General Sessions, were handled by regular judges in a Traffic Court that was a branch equivalent of Landlord and Tenant or Small Claims. We also pointed out that the Supreme Court has spoken of "impeding" access as violative of this protected right. This is true, for example, in the cases about prisoner's library rights and the like, by far the largest number of cases on this issue. The prisoner's are not directly denied access to the

courts, but rather their access is impeded. Thus these arguments were not "repetitive." That assertion is untrue and cannot be supported.

In addition to clear error there is the issue of working a manifest injustice. We have pointed out that the rights of the disabled under the ADA are civil rights. They are an extension of the great civil rights Movement of the 1960's. At that time there were a number of judges across the South who asserted that those asserting their civil rights were merely trying to expand local grievances into federal cases. In the same vein, arguments such as that the use of the word "recovering" "contradicts" the word "recovered" are likewise empty semantics. Ultimately such view was proven wrong and so we believe will be case of the rights of alcoholics who deal with their disability through the belief and participation in AA. Class-based animus against these plaintiffs because they were perceived as alcoholics, is by any stretch, violative of the equality guarantees of the Constitution.

Respectfully submitted,

__________*/s/*__________________

STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiffs April 11, 2008